COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-499-CR
 
 
CARL 
L. GARRETT                                                                 APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 16TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Carl L. Garrett pled no contest to two counts of violation of sex offender 
registration, and the trial court sentenced him to two years’ confinement in a 
state jail facility. In one point, appellant complains that the trial court’s 
sentence constitutes cruel and unusual punishment pursuant to the United States 
and Texas Constitutions because it is grossly disproportionate to the offenses 
committed. We affirm.
        During 
the punishment phase of appellant’s trial, he called multiple witnesses to 
testify about their relationship with him and the nature of his character. Carla 
Quinn, a unit supervisor with the Denton County parole office, testified that 
she served as appellant’s parole officer on three different occasions: from 
October 1991 to August 1993, from March 1994 to December 1995, and from August 
1999 to February 2000. Quinn testified that while she served as his parole 
officer from August 1999 to February 2000, appellant was on super intensive 
supervision parole (SISP), a stringent monitoring program in which the parolee 
has a transmitter strapped to his ankle and must follow a specified curfew and 
schedule. Quinn further testified that appellant had no violations while on SISP 
and that he “did very well on supervision.” However, counsel for the State 
elicited testimony from Quinn that appellant’s parole was revoked on two prior 
occasions following his release from prison, once for physical assault and once 
for a “technical violation.”
        Numerous 
friends of appellant testified that he has a good character and reputation and 
that, among other things, he is a good role model for his grandchildren. 
Appellant testified on his own behalf and reasoned that his failure to register 
as a sex offender was basically a “bad mistake” and not intentional. After 
having an opportunity to review a presentence investigation report, the trial 
court sentenced appellant to two years’ confinement in a state jail facility. 
Upon sentencing appellant, the trial court stated,
 
I don’t mind telling you, Mr. Garrett, that one of the reasons – one of the 
most important reasons for the sentence and for the imposition of the sentence 
today and for that length of time is the fact that you had positive tests for 
both marijuana and cocaine when you went to the probation department, and to the 
Court, that’s an indication of your failure to appreciate and follow the law.
 
        In 
his sole point, appellant argues that his two-year sentence, which is the 
maximum amount prescribed by law for this particular state jail felony,[2] is grossly disproportionate to the offense committed, thus 
violating the constitutional prohibition against cruel and unusual punishment 
under the United States and Texas Constitutions. See U.S. Const amend. VIII; Tex. Const. art. I, § 13. Appellant 
summarizes the testimony of the character witnesses who testified on his behalf 
as support for this argument. The State contends that appellant waived any 
complaint that his sentence constitutes cruel and unusual punishment and that, 
nevertheless, the sentence imposed is not disproportionate to the offense 
committed.
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999). Further, the trial 
court must have ruled on the request, objection, or motion, either expressly or 
implicitly, or the complaining party must have objected to the trial court’s 
refusal to rule. Tex. R. App. P. 
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 
Preservation of error is a systemic requirement that this court should review on 
its own motion. Martinez v. State, 22 S.W.3d 504, 507 n.7 (Tex. Crim. 
App. 2000); Hughes v. State, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) 
(op. on reh’g), cert. denied, 511 U.S. 1152 (1994).
        An 
argument that a particular sentence amounts to cruel and unusual punishment is 
forfeited if not initially preserved for appellate review. See Rhoades v. 
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Curry v. State, 
910 S.W.2d 490, 497 (Tex. Crim. App. 1995); In re C.J.H., 79 S.W.3d 698, 
705 (Tex. App.—Fort Worth 2002, no pet.). The record does not demonstrate that 
appellant objected to the trial court’s sentence at the punishment phase of 
the trial or that he filed a post-trial motion arguing that the sentence 
amounted to cruel and unusual punishment. Thus, appellant has forfeited this 
point for our review by not preserving error. Tex. R. App. P. 33.1(a)(1); Mosley, 
983 S.W.2d at 265.
        In 
light of this court’s prior opinion in Ray v. State, 119 S.W.3d 454, 
458-59 (Tex. App.—Fort Worth 2003, pet. ref’d), however, we also hold that 
— comparing the gravity of appellant’s offense to the severity of his 
sentence[3] and noting that appellant’s sentence is 
within the statutorily prescribed limits[4] — 
appellant’s sentence is not grossly disproportionate to the offenses 
committed.  We overrule appellant’s sole point.
        Having 
overruled appellant’s sole point, we affirm the trial court’s judgment.
   
  
                                                                  PER 
CURIAM
 
 
PANEL F:   LIVINGSTON, 
WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 3, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Code Crim. Proc. Ann. 
art. 62.10(a), (b)(1) (Vernon Supp. 2004-05).
3.  
See Moore v. State, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. 
ref’d) (adopting McGruder proportionality analysis to address Eighth 
Amendment proportionality claims); see also McGruder v. Puckett, 
954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849 (1992) (adopting 
the proportionality analysis urged by Justice Kennedy in his concurrence in Harmelin 
v. Michigan, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 2707 (1991) (Kennedy, 
J., concurring)).
4.  
See Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973) (holding 
punishment assessed within the statutorily prescribed range not cruel, unusual, 
or excessive); Baldridge v. State, 77 S.W.3d 890, 893 (Tex. 
App.—Houston [14th Dist.] 2002, pet. ref’d) (“It has long been recognized 
that if the punishment assessed is within the range of punishment established by 
the Legislature under its constitutional authority, there is no violation of the 
state constitutional provisions against cruel and unusual punishment.”).