MELVIN MAX RAY, SR. V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-312-CR

MELVIN MAX RAY, SR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

Appellant Melvin Max Ray, Sr. was charged by a three-count indictment with the offense of aggravated sexual assault.  Upon his plea of guilty, the jury assessed his punishment for each count at sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  Appellant brings five points on appeal, challenging the trial court’s ruling on a challenge for cause, certain evidentiary rulings, and the constitutionality of the sentence imposed.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

Challenge for Cause

In his first point, Appellant contends that the trial court erred in denying his challenge for cause.  Appellant was eligible for community supervision, and during voir dire, counsel questioned the members of the jury panel on their ability to consider community supervision as a possible sentence.  Veniremember Hu made it clear that she did not like community supervision and did not consider it a proper punishment.  But when asked whether she could follow the law and consider probation “in a case like this,” she agreed that she would follow the law.  Defense counsel pursued the subject: 

DEFENSE COUNSEL:  So you could consider it?

. . . .

VENIREPERSON:  I can consider that, but I don’t feel like it’s enough punishment.

DEFENSE COUNSEL:  Can you consider with the idea of actually giving it?  Can you consider it—actually giving it in a case like this?

VENIREPERSON:  I would have to look at the case.

DEFENSE COUNSEL:  Well, the law requires that we have a yes or no answer, ma’am.  So could you consider with the concept of giving probation in a case like this?  

VENIREPERSON:  I would consider, but not—yeah, I may not give it.

DEFENSE COUNSEL:  I’m sorry?

VENIREPERSON:  I would consider it.

DEFENSE COUNSEL:  You could consider it, or can you consider it with the idea of giving it is the question.

VENIREPERSON:  At this point, yes.

A defendant is entitled to have only jurors who will consider the full range of punishment applicable to the offense with which he is charged.
(footnote: 1)  A veniremember is not required to promise to give a particular sentence, only to consider it with the idea of actually being able to give it.  Hu properly answered that, having heard no evidence, she could consider the entire range of punishment, including probation.  If a veniremember states that he or she can follow the law despite personal prejudices, the trial court abuses its discretion by allowing a challenge for cause on that basis.
(footnote: 2)  Because Hu clearly stated that she could consider assessing a sentence of community supervision, having heard no evidence, the trial court did not err in denying Appellant’s challenge.  We overrule Appellant’s first point.

Admission of Extraneous Offense

In his second point, Appellant argues that the trial court reversibly erred in overruling his objection to State’s Exhibit Number Five because “it was not a final conviction against the Appellant and did not meet the requirements of a ‘conviction’”.  Appellant correctly states that, regardless of the plea and regardless of whether punishment be assessed by judge or jury, evidence may be offered by the State and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant.
(footnote: 3)  But Appellant argues that the exhibit was not admissible because it was not a final conviction.  The exhibit shows that Appellant was placed on one year’s probation in Missouri for passing a bad check.  He apparently completed probation successfully, his guilty plea was withdrawn, and the case was dismissed.  This procedure appears similar to that of deferred adjudication under Texas law.  Evidence of a prior deferred adjudication community supervision is admissible at punishment.
(footnote: 4)  Unadjudicated offenses are also admissible.
(footnote: 5)  The trial court did not err in admitting State’s Exhibit Number Five.  We overrule Appellant’s second point. 

Attorney-Client Privilege
 

In his third point, Appellant argues that the trial court erred in admitting certain written communications because they were irrelevant and immaterial and violated the attorney-client privilege and Appellant’s privacy rights.  While Appellant was in jail, Denton County Sheriff’s Deputy Billy Cordell examined some of Appellant’s outgoing mail that was addressed to “Cirrillo and Cirrillo—Attorneys at Law.”  The envelopes had been returned to the jail as undeliverable because of insufficient or incorrect addresses.  Cordell could not find an address for Cirrillo and Cirrillo in the book of attorneys’ addresses.  Cordell opened the mail and found that the letters were not written communications to an attorney.  The envelopes apparently contained letters written to Appellant’s daughter and her husband.  

Appellant’s complaint on appeal is not that the letters were opened, but that they were improperly admitted into evidence.  The letters were not communications with counsel in furtherance of the rendition of professional legal services.
(footnote: 6)  Instead, the letters were an attempt to influence the testimony of Appellant’s daughter.  As such, their admission was not a violation of attorney-client privilege, and the letters were both material and relevant to sentencing issues.  Appellant has failed to preserve his privacy violation complaint.
(footnote: 7)  For all of these reasons, we overrule Appellant’s third point.

Exclusion of Evidence

In his fourth point, Appellant argues that the trial court erred in excluding evidence of Complainant N.R.’s promiscuity.  Rule 412 of the Texas Rules of Evidence prohibits the introduction of evidence of a complainant’s previous sexual conduct unless the probative value outweighs the danger of unfair prejudice.
(footnote: 8)  The trial court implicitly found that the probative value of this evidence did not outweigh the danger of unfair prejudice.  The excluded evidence included testimony that N.R. had voluntarily slept with other men, had “messed around” with a friend’s husband, and had engaged in a lesbian relationship.  Applying an abuse of discretion standard,
(footnote: 9) we hold that the trial court did not abuse its discretion in excluding the testimony of N.R.’s purported sexual misconduct.  We overrule Appellant’s fourth point.

Constitutionality of Sentence

In his fifth and final point, Appellant argues that his punishment was cruel and unusual and disproportionate in light of the facts that he had no prior felonies or sexual convictions, that he was intoxicated and addicted to illegal drugs when the sexual acts occurred, that he was remorseful and had attempted to rehabilitate himself while in jail, and that there were only four instances of sexual activity.  The State argues that Appellant waived his complaint by not objecting to the sentence at trial.  

In response to a complaint that the punishment assessed exceeds the statutory maximum, the Court of Criminal Appeals has stated,  

“We have long held that a defect which renders a sentence void may be raised at any time.”  
Heath v. State
, 817 S.W.2d 335, 336 (Tex. Crim. App. 1991).  
See also Ex parte McIver
, 586 S.W.2d 851, 854 (Tex. Crim. App. 1979) (Habeas corpus relief will issue to a person in custody under a sentence which is void because the punishment is unauthorized), 
Ex parte Harris
, 495 S.W.2d 231, 232 (Tex. Crim. App. 1973) and 
Ex parte White
, 659 S.W.2d 434, 435 (Tex. Crim. App. 1983).
(footnote: 10)

Similarly, a challenge to the jury charge may be raised for the first time on appeal, although reversal is proper only if the appellant shows egregious harm.
(footnote: 11)  Finally, the unconstitutionality of a statute may be raised for the first time on appeal.
(footnote: 12)  If the punishment imposed on Appellant is cruel and unusual, then it is an unconstitutional punishment, the statute permitting cruel and unusual punishment may be suspect, and the jury charge allowing the jury to impose a constitutionally impermissible sentence may be subject to attack.

The Court of Criminal Appeals, however, held in 1983 that the failure to challenge a sentence and the jury charge permitting the sentence in the trial court waives the “cruel and unusual” complaint on appeal, although the Court then addressed the merits of the complaint.
(footnote: 13)  Indeed, this court, following this precedent, has held that an appellant waives the cruel and unusual complaint if not raised in the trial court.
(footnote: 14)  On the other hand, in 1984, the Court handed down 
Almanza, 
striking down the automatic reversal rule but reaffirming the ability to raise charge error causing egregious harm for the first time on appeal.
(footnote: 15)  It is clear that a well-founded complaint of cruel and unusual punishment may be raised for the first time in an application for writ of habeas corpus complaining of ineffective assistance of counsel if the trial lawyer failed to challenge the sentence in the trial court.  While the Court of Criminal Appeals and our sister courts of appeal hold that the “cruel and unusual” complaint is waived if not raised at trial, they nevertheless address the merits of the complaint.  Consequently, it is not clear to us whether this complaint of constitutional error may be raised for the first time on direct appeal.   We, therefore, shall address Appellant’s point in the interest of justice and, because the same complaint may be raised in a subsequent writ, at least in the guise of ineffective assistance of counsel, in the interest of judicial economy.

At the time of the instant offenses, Complainant N.R. was approximately thirteen years old and Appellant was in his early forties.  N.R. was a friend of Appellant’s daughter.  Soon after they met, Appellant began providing both girls with marihuana.  He also gave the girls alcohol.  After approximately a year, he began giving the girls cocaine.  Appellant asked N.R. to fondle his testicles while he smoked crack, to show her appreciation to him.  Also in exchange for the drugs, Appellant made N.R. perform oral sex on him at least twice. Appellant performed oral sex on N.R. at least once.  Appellant either attempted to have or had vaginal sexual intercourse with N.R. at least twice as well.
 
Applying the analysis announced by this court in 
Moore v. State
,
(footnote: 16) we hold that the sentence was not cruel and unusual, nor was it unconstitutionally disproportionate.  We overrule Appellant’s fifth point on appeal.  

C
onclusion

Having overruled Appellant’s five points on appeal, we affirm the trial court’s judgment.  

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

GARDNER, J. filed a concurring opinion.

WALKER, J. concurs without opinion.

PUBLISH

DELIVERED: October 2, 2003

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-312-CR

MELVIN MAX RAY, SR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

CONCURRING OPINION

------------

I join in the majority opinion and the result reached by it except as to that portion expressing doubt as to whether Appellant waived his complaint of constitutional error based upon cruel and unusual punishment.

Appellant’s only complaint with respect to cruel and unusual punishment is that his sentence is “grossly disproportionate” to the offense in violation of the Eighth and Fourteenth Amendments to the United States Constitution.  
U.S. Const. 
amends. VIII, XIV; 
Robinson v. California
, 370 U.S. 660, 667, 82 S. Ct. 1417, 1420-21 (1962) (holding Eighth Amendment as applied to states through Fourteenth Amendment encompasses proportionality principle)
; see also Solen v. Helm
, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009-10 (1983) (holding state sentence may run afoul of Eighth Amendment proportionality principle even if within range permitted by statute).  Appellant complains that the severity of the sentence demonstrates a “lynch mob mentality” of the jury spurred on by overzealous prosecution.

Appellant asserts no challenge on appeal to the jury charge or as to the constitutionality of any statute.  Therefore, despite the thoughtful analysis of the majority as to possible complaints relating to cruel and unusual punishment that might be raised on appeal without objection in the trial court, to me the law seems well established that Appellant’s proportionality complaint was waived by failure to object in the trial court to the sentence imposed.
  See, e.g., Curry v. State,
 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (holding complaint that death sentence violated constitutional prohibition against cruel and unusual punishment contained in Eighth and Fourteenth Amendments waived by failure to object in trial court);
 Garcia v. State
, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994) (holding error as to constitutionality of statute addressing death sentence and jury charge on punishment waived by failure to object in trial court), 
cert. denied
, 514 U.S. 1005 (1995); 
Schneider v. State, 
645 S.W.2d 463, 466 (Tex. Crim. App. 1983) (holding complaint that sentence was void as inflicting cruel and unusual punishment waived by failure to object in trial court); 
Jacobs v. State, 
80 S.W.3d 631, 633 (Tex. App.—Tyler 2002, no pet.) (holding proportionality complaint of sentence based on Eighth Amendment waived by failure to object in trial court); 
Steadman v. State
, 31 S.W.3d 738, 742 (Tex. App.—Houston [1
st
 Dist.] 2000, pet. ref’d) (holding complaints that sentence violated equal protection and constituted cruel and unusual punishment waived by failure to object in trial court);
 
Smith v. State
, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (holding complaint that statute under which appellant was sentenced unconstitutionally allowed grossly disproportionate sentence as applied to him waived by failure to object in trial court); 
Yatalese v. State
, 991 S.W.2d 509, 511 (Tex. App.—Houston [1
st
 Dist.] 1999, pet. ref’d) (holding complaint that sentence was grossly disproportionate in violation of state and U.S. constitutions waived by failure to object in trial court). 

ANNE GARDNER

JUSTICE

PUBLISH

DELIVERED:  October 2, 2003

FOOTNOTES
1:
Tex. Code Crim. Proc. Ann
. art. 35.16 (Vernon 1989 & Supp. 2003); 
Johnson v. State
, 982 S.W.2d 403, 405-06 (Tex. Crim. App. 1998).

2:
Brown v. State
, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996).

3:
Tex. Code Crim. Proc. Ann
. art. 37.07, § 3(a)(1) (Vernon Supp. 2003).

4:
Id.
 art. 42.12, § 5(c)(1).

5:
Id.
 art. 37.07, § 3(a)(1); 
see Fields v. State
, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999).

6:
See
 
Tex. R. Evid
. 503(a)(5).

7:
See 
Ibarra v. State
, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999), 
cert
. 
denied
, 531 U.S. 828 (2000);
 Tex. R. App. P.
 33.1.

8:
Tex. R. Evid.
 412.

9:
See Mozon v. State
, 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999);  
Montgomery v. State
, 810 S.W.2d 372, 390 (Tex. Crim. App. 1990) (op. on reh'g).

10:
Ex parte Miller
, 921 S.W.2d 239, 239 (Tex. Crim. App. 1996). 

11:
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

12:
Rose v. State
, 752 S.W.2d 529, 552-53 (Tex. Crim. App. 1988) (op. on reh’g).

13:
Schneider v. State
, 
645 S.W.2d 463, 466 (Tex. Crim. App. 1983)
.

14:
See, e.g.
, 
In re C.J.H.
, 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, no pet.).

15:
Almanza
, 686 S.W.2d at 171.

16:
54 S.W.3d 529, 541-42 (Tex. App.—Fort Worth 2001, pet. ref’d).

COMMENTS AND ANNOTATIONS
Comment 1:
Majority by Justice Dauphinot

Concurrence by Justice Gardner