Weldon Lester Sargeant v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-088-CR

WELDON LESTER SARGEANT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Weldon Lester Sargeant pled guilty to the manufacture of more than four but less than two hundred grams of methamphetamine.
(footnote: 2)  After the jury found the enhancement and habitual paragraphs true, it assessed his punishment at sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice, and the trial court sentenced him accordingly.  In one point, Appellant contends that he received a disproportionate sentence, considering the facts and nature of the case, and that the sentence therefore constituted cruel and unusual punishment, violating the Eighth Amendment.  Because we hold that the sentence was not disproportionate and did not violate the Eighth Amendment, we affirm the trial court’s judgment.

Appellant’s sixty-year sentence was well within the range of punishment for the offense, even without the enhancement and habitual counts.
(footnote: 3)  Evidence showed that Appellant was manufacturing methamphetamine in a storage building on the same lot as the home where he was raising his eight-year-old son and that he chose to spend what little money he had, after losing his steady job, on ingredients for making methamphetamine.  Additionally, even though Appellant was not charged with intent to distribute and testified that he was making the methamphetamine for his own use, baggies of different sizes were found in the storage building along with the ingredients for making methamphetamine and the methamphetamine itself.  Finally, the evidence showed that Appellant had a history of addiction and recidivism.  He had two prior felony DWI convictions.  After analyzing the evidence under the framework previously announced by this court,
(footnote: 4) we cannot say that the sentence is disproportionate or that it violates the Eighth Amendment.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  September 30, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Health & Safety Code 
A
nn
. § 481.102(6) (Vernon Supp. 2004-05) (providing that methamphetamine is in penalty group 1); 
id.
 § 481.112(d) (Vernon 2003) (providing that manufacture of more than 4 but less than 200 grams of substance in penalty group 1 is a first degree felony).

3:
See
 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003).

4:
See Moore v. State
, 54 S.W.3d 529, 541-42 (Tex. App.—Fort Worth 2001, pet. ref'd); 
see also Ray v. State
, 119 S.W.3d 454, 459 (Tex. App.—Fort Worth 2003, pet. ref’d).