COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-088-CR
  
  
WELDON LESTER SARGEANT                                                 APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 355TH DISTRICT COURT OF HOOD 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Weldon Lester Sargeant pled guilty to the manufacture of more than four but less 
than two hundred grams of methamphetamine.[2]  
After the jury found the enhancement and habitual paragraphs true, it assessed 
his punishment at sixty years’ confinement in the Institutional Division of 
the Texas Department of Criminal Justice, and the trial court sentenced him 
accordingly.  In one point, Appellant contends that he received a 
disproportionate sentence, considering the facts and nature of the case, and 
that the sentence therefore constituted cruel and unusual punishment, violating 
the Eighth Amendment.  Because we hold that the sentence was not 
disproportionate and did not violate the Eighth Amendment, we affirm the trial 
court’s judgment.
        Appellant’s 
sixty-year sentence was well within the range of punishment for the offense, 
even without the enhancement and habitual counts.[3]  
Evidence showed that Appellant was manufacturing methamphetamine in a storage 
building on the same lot as the home where he was raising his eight-year-old son 
and that he chose to spend what little money he had, after losing his steady 
job, on ingredients for making methamphetamine.  Additionally, even though 
Appellant was not charged with intent to distribute and testified that he was 
making the methamphetamine for his own use, baggies of different sizes were 
found in the storage building along with the ingredients for making 
methamphetamine and the methamphetamine itself.  Finally, the evidence 
showed that Appellant had a history of addiction and recidivism.  He had 
two prior felony DWI convictions.  After analyzing the evidence under the 
framework previously announced by this court,[4] we 
cannot say that the sentence is disproportionate or that it violates the Eighth 
Amendment.  We overrule Appellant’s sole point and affirm the trial 
court’s judgment.
 
  
                                                                           PER 
CURIAM
  

PANEL 
F:   DAUPHINOT, WALKER, and MCCOY, JJ.
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: September 30, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
Tex. Health & Safety Code Ann. 
§ 481.102(6) (Vernon Supp. 2004-05) (providing that methamphetamine is in 
penalty group 1); id. § 481.112(d) (Vernon 2003) (providing that 
manufacture of more than 4 but less than 200 grams of substance in penalty group 
1 is a first degree felony).
3.  See 
Tex. Penal Code Ann. § 12.32 
(Vernon 2003).
4.  See 
Moore v. State, 54 S.W.3d 529, 541-42 (Tex. App.—Fort Worth 2001, pet. 
ref'd); see also Ray v. State, 119 S.W.3d 454, 459 (Tex. App.—Fort 
Worth 2003, pet. ref’d).