GARRETT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-499-CR

CARL L. GARRETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Carl L. Garrett pled no contest to two counts of violation of sex offender registration, and the trial court sentenced him to two years’ confinement in a state jail facility.  In one point, appellant complains that the trial court’s sentence constitutes cruel and unusual punishment pursuant to the United States and Texas Constitutions because it is grossly disproportionate to the offenses committed.  We affirm.

During the punishment phase of appellant’s trial, he called multiple  witnesses to testify about their relationship with him and the nature of his character.  Carla Quinn, a unit supervisor with the Denton County parole office, testified that she served as appellant’s parole officer on three different occasions: from October 1991 to August 1993, from March 1994 to December 1995, and from August 1999 to February 2000.  Quinn testified that while she served as his parole officer from August 1999 to February 2000, appellant was on super intensive supervision parole (SISP), a stringent monitoring program in which the parolee has a transmitter strapped to his ankle and must follow a specified curfew and schedule.  Quinn further testified that appellant had no violations while on SISP and that he “did very well on supervision.”  However, counsel for the State elicited testimony from Quinn that appellant’s parole was revoked on two prior occasions following his release from prison, once for physical assault and once for a “technical violation.” 

Numerous friends of appellant testified that he has a good character and reputation and that, among other things, he is a good role model for his grandchildren.  Appellant testified on his own behalf and reasoned that his failure to register as a sex offender was basically a “bad mistake” and not intentional.  After having an opportunity to review a presentence investigation report, the trial court sentenced appellant to two years’ confinement in a state jail facility.  Upon sentencing appellant, the trial court stated,

I don’t mind telling you, Mr. Garrett, that one of the reasons – one of the most important reasons for the sentence and for the imposition of the sentence today and for that length of time is the fact that you had positive tests for both marijuana and cocaine when you went to the probation department, and to the Court, that’s an indication of your failure to appreciate and follow the law. 

In his sole point, appellant argues that his two-year sentence, which is the maximum amount prescribed by law for this particular state jail felony,
(footnote: 2) is grossly disproportionate to the offense committed, thus violating the constitutional prohibition against cruel and unusual punishment under the United States and Texas Constitutions.  
See 
U.S. Const
 amend. VIII; 
Tex. Const.
 art. I, § 13.  Appellant summarizes the testimony of the character witnesses who testified on his behalf as support for this argument.  The State contends that appellant waived any complaint that his sentence constitutes cruel and unusual punishment and that, nevertheless, the sentence imposed is not disproportionate to the offense committed.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  Preservation of error is a systemic requirement that this court should review on its own motion.  
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Hughes v. State
, 878 S.W.2d 142, 151 (Tex. Crim. App. 1993) (op. on reh’g), 
cert. denied
, 511 U.S. 1152 (1994).

An argument that a particular sentence amounts to cruel and unusual punishment is forfeited if not initially preserved for appellate review.  
See Rhoades v. State
, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); 
Curry v. State
, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); 
In re C.J.H.
, 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, no pet.).  The record does not demonstrate that appellant objected to the trial court’s sentence at the punishment phase of the trial or that he filed a post-trial motion arguing that the sentence amounted to cruel and unusual punishment.  Thus, appellant has forfeited this point for our review by not preserving error.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265
.  

In light of this court’s prior opinion in 
Ray v. State
, 119 S.W.3d 454, 458-59 (Tex. App.—Fort Worth 2003, pet. ref’d), however, we also hold that—comparing the gravity of appellant’s offense to the severity of his sentence
(footnote: 3) and noting that appellant’s sentence is within the statutorily prescribed limits
(footnote: 4)—appellant’s sentence is not grossly disproportionate to the offenses committed.  We overrule appellant’s sole point.

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
See
 
Tex. Code Crim. Proc. Ann. 
art. 62.10(a), (b)(1) (Vernon Supp. 2004-05).

3:
See 
Moore v. State
, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref’d) (adopting 
McGruder
 proportionality analysis to address Eighth Amendment proportionality claims); 
see also
 
McGruder v. Puckett
, 954 F.2d 313, 316 (5th Cir.), 
cert. denied
, 506 U.S. 849 (1992) (adopting the proportionality analysis urged by Justice Kennedy in his concurrence in 
Harmelin v. Michigan
, 501 U.S. 957, 1004-05, 111 S. Ct. 2680, 2707 (1991) (Kennedy, J., concurring)
).
 

4:
See Jordan v. State
, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973) (holding punishment assessed within the statutorily prescribed range not cruel, unusual, or excessive); 
Baldridge v. State
, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (“It has long been recognized that if the punishment assessed is within the range of punishment established by the Legislature under its constitutional authority, there is no violation of the state constitutional provisions against cruel and unusual punishment.”).