MOJEDA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-258-CR

IVAN MOJEDA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ivan Mojeda was charged by indictment with two counts of indecency with a child by contact and one count of indecency with a child by exposure.  On June 7, 2004, he pled guilty in front of a jury.  In one point, Appellant complains that his eighteen-year sentence of confinement was grossly disproportionate and that this violated the ban on cruel and unusual punishment.  We will affirm.

Here, the State argues that Appellant has waived any error because he did not raise this argument at the time of sentencing or in his motion for new trial.  We agree with the State.  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P
. 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), 
cert. denied
, 526 U.S. 1070 (1999).

The record in this case does not demonstrate that Appellant objected to the trial court’s sentence at the punishment phase of the trial or filed a post-trial motion complaining of the sentence.  The fact that Appellant’s argument rests upon the constitutional ground of cruel and unusual punishment does not excuse him of the necessity of preserving error for appellate review.  
See Rhoades v. State
, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (reasoning that constitutional rights, including the right to be free from cruel and unusual punishment, may be forfeited); 
In re C.J.H.
, 79 S.W.3d 698, 705 (Tex. App.—Fort Worth 2002, no pet.) (same).
(footnote: 2)  Accordingly, Appellant forfeited this point for our review. 
 See
 
Tex. R. App. P
. 33.1(a)(1).  Having determined that Appellant’s sole point is not preserved for our review, we affirm the trial court's judgment.

PER CURIAM

PANEL B:  HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 2, 2005

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
We recognize that in 
Ray v. State
, this court addressed the constitutionality of the defendant’s punishment despite his failure to raise an objection at trial.  119 S.W.3d 454, 459 (Tex. App.—Fort Worth 2003, pet. ref’d).  However, there is no majority opinion in 
Ray
 and it is not binding precedent.  
See Pearson v. State
, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999) (holding plurality opinion is not binding precedent).