COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-258-CR
  
  
IVAN 
MOJEDA                                                                      APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Ivan Mojeda was charged by indictment with two counts of indecency with a child 
by contact and one count of indecency with a child by exposure.  On June 7, 
2004, he pled guilty in front of a jury.  In one point, Appellant complains 
that his eighteen-year sentence of confinement was grossly disproportionate and 
that this violated the ban on cruel and unusual punishment.  We will 
affirm.
        Here, 
the State argues that Appellant has waived any error because he did not raise 
this argument at the time of sentencing or in his motion for new trial.  We 
agree with the State.  To preserve a complaint for our review, a party must 
have presented to the trial court a timely request, objection, or motion that 
states the specific grounds for the desired ruling if they are not apparent from 
the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley v. 
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), cert. 
denied, 526 U.S. 1070 (1999).
        The 
record in this case does not demonstrate that Appellant objected to the trial 
court’s sentence at the punishment phase of the trial or filed a post-trial 
motion complaining of the sentence.  The fact that Appellant’s argument 
rests upon the constitutional ground of cruel and unusual punishment does not 
excuse him of the necessity of preserving error for appellate review.  See 
Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (reasoning that 
constitutional rights, including the right to be free from cruel and unusual 
punishment, may be forfeited); In re C.J.H., 79 S.W.3d 698, 705 (Tex. 
App.—Fort Worth 2002, no pet.) (same).[2]  
Accordingly, Appellant forfeited this point for our review. See Tex. R. App. P. 33.1(a)(1).  Having 
determined that Appellant’s sole point is not preserved for our review, we 
affirm the trial court's judgment.
  
   
                                                                  PER 
CURIAM
  
   
   
PANEL 
B: HOLMAN, GARDNER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 2, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
We recognize that in Ray v. State, this court addressed the 
constitutionality of the defendant’s punishment despite his failure to raise 
an objection at trial.  119 S.W.3d 454, 459 (Tex. App.—Fort Worth 2003, 
pet. ref’d).  However, there is no majority opinion in Ray and it 
is not binding precedent.  See Pearson v. State, 994 S.W.2d 176, 177 
n.3 (Tex. Crim. App. 1999) (holding plurality opinion is not binding precedent).