COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-209-CR

 

 

THOMAS LEE KING                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                         Introduction

Appellant Thomas Lee King
appeals two fifteen-year sentences for possession of a controlled substance,
methamphetamine of less than one gram. In his sole issue, Appellant argues that
the sentences were not warranted by the facts of the case.  We affirm. 








                                     Background Facts

On February 14, 2005, Appellant
entered an open plea of guilty to two counts of possession of a controlled
substance, methamphetamine of less than one gram.  Appellant signed a judicial confession for
each count; the judicial confessions included Appellant=s pleas of true to two enhancement allegations. Under questioning from
the court, Appellant acknowledged that he voluntarily pled true to both
enhancement allegations.  The State
presented testimony regarding the two prior offenses, plus one extraneous
offenseCforgery. Following the preparation of a pre-sentence investigation
report and argument of counsel, the trial court sentenced Appellant to fifteen
years= confinement for each count.

Discussion








In his sole issue, Appellant
argues that the punishment Awas not warranted by the facts of the case or by the community service
violations committed by the appellant.@  Generally, the allowable
discretion of the trial judge in assessing a term of years is limited only by
the maximum provided by law.  Tamminen
v. State, 653 S.W.2d 799, 803 (Tex. Crim. App. 1983).  Appellant concedes that the sentences
assessed by the trial court are within the statutory range of punishment.  Additionally, Appellant candidly admits there
is no evidence that the trial court had already decided what his punishment in
this case would be.  However, Appellant
contends that Adespite the
appellant=s previous
criminal record, the appellant does believe that the trial court did not make
an informed decision based on the evidence presented at the hearing.@  Specifically, Appellant
asserts that because this was a case of simple possession of methamphetamine
that did not involve a victim, the sentences cannot be said to be rationally
related to the evidence presented.  In
his brief, Appellant does not indicate whether his argument is based upon the
Texas Constitution or the United States Constitution.  However, the only case that Appellant cites
in support of his argument involves an alleged violation of the Texas
Constitution.  See Earley v. State,
855 S.W.2d 260, 261 (Tex. App.CCorpus Christi 1993), pet. dism=d, improvidently granted, 872 S.W.2d
758 (Tex. Crim. App. 1994).  Accordingly,
we interpret Appellant=s issue as a
challenge under the Texas Constitution.








The State contends that
Appellant failed to preserve error by not raising his disproportionate
sentencing argument in the trial court. 
Generally, an appellant may not assert error pertaining to his sentence
or punishment when he failed to object or otherwise raise the error in the
trial court.  Mercado v. State,
718 S.W.2d 291, 296 (Tex. Crim. App. 1986). 
This court has recently held that this type of claim must be preserved
by objecting at the trial court level.  Acosta
v. State, 160 S.W.3d 204, 211 (Tex. App.CFort Worth 2005, no pet.).[2]  Because Appellant did not preserve error in
the trial court, we hold that he forfeited this issue and it is therefore
overruled.

                                          Conclusion

Having overruled appellant=s sole issue, we
affirm the judgment of the trial court.

PER
CURIAM

 

PANEL
F:  HOLMAN, J.; CAYCE, C.J.; and
LIVINGSTON, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 1, 2005

 











[1]See Tex. R. App. P. 47.4.





[2]We
recognize that in Ray v. State, this court addressed the
constitutionality of the defendant's punishment despite his failure to raise an
objection at trial.  119 S.W.3d 454, 458‑59
(Tex. App.CFort
Worth 2003, pet. ref'd).  However, there
is no majority opinion in Ray and it is not binding precedent.  See Pearson v. State, 994
S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999) (holding plurality opinion is not
binding precedent).