KING v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-209-CR

THOMAS LEE KING APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Thomas Lee King appeals two fifteen-year sentences for possession of a controlled substance, methamphetamine of less than one gram. In his sole issue, Appellant argues that the sentences were not warranted by the facts of the case.  We affirm. 

Background Facts

On February 14, 2005, Appellant entered an open plea of guilty to two counts of possession of a controlled substance, methamphetamine of less than one gram.  Appellant signed a judicial confession for each count; the judicial confessions included Appellant’s pleas of true to two enhancement allegations. Under questioning from the court, Appellant acknowledged that he voluntarily pled true to both enhancement allegations.  The State presented testimony regarding the two prior offenses, plus one extraneous offense—forgery. Following the preparation of a pre-sentence investigation report and argument of counsel, the trial court sentenced Appellant to fifteen years’ confinement for each count.

Discussion

In his sole issue, Appellant argues that the punishment “was not warranted by the facts of the case or by the community service violations committed by the appellant.”  Generally, the allowable discretion of the trial judge in assessing a term of years is limited only by the maximum provided by law. 
 Tamminen v. State
, 653 S.W.2d 799, 803 (Tex. Crim. App. 1983).  Appellant concedes that the sentences assessed by the trial court are within the statutory range of punishment.  Additionally, Appellant candidly admits there is no evidence that the trial court had already decided what his punishment in this case would be.  However, Appellant contends that “despite the appellant’s previous criminal record, the appellant does believe that the trial court did not make an informed decision based on the evidence presented at the hearing.”  Specifically, Appellant asserts that because this was a case of simple possession of methamphetamine that did not involve a victim, the sentences cannot be said to be rationally related to the evidence presented.  In his brief, Appellant does not indicate whether his argument is based upon the Texas Constitution or the United States Constitution.  However, the only case that Appellant cites in support of his argument involves an alleged violation of the Texas Constitution.  
See Earley v. State
, 855 S.W.2d 260, 261 (Tex. App.—Corpus Christi 1993), 
pet. dism’d, improvidently granted
, 872 S.W.2d 758 (Tex. Crim. App. 1994).  Accordingly, we interpret Appellant’s issue as a challenge under the Texas Constitution.

The State contends that Appellant failed to preserve error by not raising his disproportionate sentencing argument in the trial court.  
Generally, an appellant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise the error in the trial court.  
Mercado v. State
, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986).  
This court has recently held that this type of claim must be preserved by objecting at the trial court level.  
Acosta v. State
, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.)
.
(footnote: 2)  Because Appellant did not preserve error in the trial court, w
e hold that he forfeited this issue and it is therefore overruled.

Conclusion

Having overruled appellant’s sole issue, we affirm the judgment of the trial court.

PER CURIAM

PANEL F:  HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 1, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We recognize that in 
Ray v. State
, this court addressed the constitutionality of the defendant's punishment despite his failure to raise an objection at trial.  119 S.W.3d 454, 458-59 (Tex. App.—Fort Worth 2003, pet. ref'd).  However, there is no majority opinion in 
Ray
 and it is not binding precedent.  
See
 
Pearson v. State
, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999) (holding plurality opinion is not binding precedent).