COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

NOS. 
2-09-306-CR

 2-09-307-CR

 2-09-308-CR

 2-09-309-CR

 

KYSERIUS R. TIMMS                                                                        APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------








Appellant
Kyserius R. Timms appeals from four separate, concurrent sentences of twelve
months=
confinement.  In each case, the trial
court adjudicated appellant guilty of burglary of a building based on (1) his
plea of true to the allegation that he violated his deferred adjudication
community supervision by committing the new offense of theft and (2) the trial
court=s
finding that he failed to participate fully in theft intervention classes that
were a condition of his community supervision. 
Appellant brings a single issue contending that his sentences are
excessive and disproportionate.  Because
appellant did not make this complaint in the trial court,[1]
he has failed to preserve it for our review. 
See Tex. R. App. P. 33.1(a)(1); Mercado v. State, 718
S.W.2d 291, 296 (Tex. Crim. App. 1986) (AAs a
general rule, an appellant may not assert error pertaining to his sentence or
punishment where he failed to object or otherwise raise such error in the trial
court.@); Thompson
v. State, 243 S.W.3d 774, 775B76
(Tex. App.CFort
Worth 2008, pet. ref=d).  Accordingly, we overrule his sole issue and
affirm the trial court=s judgments.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

 

DAUPHINOT,
J. filed a concurring opinion.

 

PUBLISH

 

DELIVERED:  April 15, 2010

 





 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

NOS.  2-09-306-CR

 2-09-307-CR

 2-09-308-CR

 2-09-309-CR

 

KYSERIUS R. TIMMS                                                                        APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                        CONCURRING OPINION

 

                                                       ------------








Based
on the bulk of the reasoning expressed in Ray v. State,[1]
I would address Appellant=s sole issue that his
sentences are excessive and disproportionate. 
Appellant=s sentences are well within
the range of punishment for these state jail felony offenses.[2]  Further, Appellant has presented nothing to show
comparative sentences for burglary of a building offenses or to show why his
sentences are disproportionate to the sentences of others convicted of the same
or similar offenses.[3]  Appellant contends that the trial court found
little or nothing mitigating in the evidence he introduced at the hearing, but
the sentences of only twelve months would seem to belie this contention.

Based
on all the evidence, I cannot conclude that Appellant=s
sentences are disproportionate or that they amount to cruel and unusual
punishment.  I would therefore overrule
his sole issue on the merits and affirm the trial court=s
judgments.

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

 

DELIVERED:
April 15, 2010











[1]Although appellant filed
a pro se brief asking for a new trial, he did not raise the issue he brings on
appeal.  See Heidelberg v. State,
144 S.W.3d 535, 537 (Tex. Crim. App. 2004); Vafaiyan v. State, 279
S.W.3d 374, 383 (Tex. App.CFort Worth 2008, pet.
ref=d).





[1]119 S.W.3d 454, 458B59 (Tex. App.CFort Worth 2003, pet.
ref=d).  I recognize that the Texas Court of Criminal
Appeals has held that the issue of a void statute can no longer be raised for
the first time on appeal.  Karenev v.
State, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).  I therefore do not rely on that statement in Ray
that Athe
unconstitutionality of a statute may be raised for the first time on appeal.@  Ray, 119 S.W.3d at 458.





[2]See Tex. Penal Code Ann.
' 12.35(a)(b) (Vernon
Supp. 2009) (providing that range of punishment for state jail felonies is 180
days to two years= confinement as well
as a fine of up to $10,000).





[3]See Moore v. State, 54 S.W.3d 529, 541B42 (Tex. App.CFort Worth 2001, pet.
ref=d).