ACCEPTED
12-15-00077-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/3/2015 1:45:36 PM
CATHY LUSK
CLERK

# IN THE COURT OF APPEALS
# FOR THE TWELFTH DISTRICT OF TEXAS
# TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

7/3/2015 1:45:36 PM

CATHY S. LUSK
Clerk

**ROXANE YVETTE DAVIS**
    **Appellant**

**NO. 12-15-00077-CR**

**THE STATE OF TEXAS,**
    **Appellee**

## ON APPEAL FROM THE
## 241ST JUDICIAL DISTRICT COURT OF SMITH COUNTY, TEXAS
## NO. 241-1149-14

\*\*\*\*\*\*

## APPELLANT'S BRIEF

\*\*\*\*\*\*

Submitted by:

J. Brandt Thorson
SBN: 24043958
**J. BRANDT THORSON, PLLC**
606 E. Methvin St.
P.O. Box 3768
Longview, Texas 75606
(903) 758-4878
(903) 212-3038 Facsimile

## Identity of Parties and Counsel

Appellant: ROXANE YVETTE DAVIS

Appellee: The State of Texas, by and through her Criminal District Attorney of Smith County, D. Matt Bingham

Appellant's Trial Counsel:

J. Brandt Thorson
SBN: 24043958
**J. BRANDT THORSON, PLLC**
606 E. Methvin St.
P.O. Box 3768
Longview, Texas 75606
jbt@jbtfirm.com

Appellant's Appellate Counsel:

J. Brandt Thorson
SBN: 24043958
**J. BRANDT THORSON, PLLC**
606 E. Methvin St.
P.O. Box 3768
Longview, Texas 75606
jbt@jbtfirm.com

Appellee's Trial Counsel:

Lucas R. Machicek
Smith County Assistant Criminal District Attorney
100 N. Broadway
Tyler, Texas 75702

Appellee's Appellate Counsel:

Mike West
Smith County Assistant Criminal District Attorney
100 N. Broadway
Tyler, Texas 75702

# Table of Contents

Identity of Parties and Counsel .................................................................2

Index of Authorities.................................................................................4

I.  Statement of the Case ......................................................................5

II. Issues Presented..............................................................................5

1. Is confinement for a term of sixteen months in the instant cause cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution because the sentence is disproportionate to the offense?

2. Is Appellant's sixteen-month sentence cruel and unusual punishment in violation of Tex. Code Crim. Proc. Ann. art. 1.09?

III. Statement of Facts ..........................................................................6

IV. Summary of the Argument.................................................................10

The trial court reversibly denied due process to Appellant when it arbitrarily refused to consider the entire range of punishment, refused to consider mitigating evidence and imposed punishment.

V.  Argument and Authorities.............................................................11-15

VI. Prayer...........................................................................................15

VII. Certificate of Compliance and Certificate of Service ....................................16

# Index of Authorities

**Cases**

*Alvarez v. State*, 63 S.W.3d 578, 580(Tex. App.-Fort Worth 2001, no pet.) ....................13

*Harmelin v. Michigan*, 501 U.S. 957, 962 (1991)..............................................14

*Jacobs v. State*, 80 S.W.3d 631 (Tex. App.—Tyler 2002, no pet.)....................................12

*Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App. - Dallas 1997, pet. ref'd).........................13

*Lackey v. State*, 881 S.W.2d 418, 420-21 (Tex. App. -  Dallas 1994, pet. ref'd). .............13

*McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849 (1992)...13

*Moore v. State,* 54 S.W.3d 529, 542 (Tex. App. B Fort Worth 2001, pet. ref'd)).............13

*Ray v. State*, 119 S.W.3d 454, 459(Tex.App.-Fort Worth 2003, pet.ref'd).......................12

*Schneider v. State*, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983) ....................................12

*Solem v. Helm*, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010-11 (1983) .........................14

*United States v. Blake*, 89 F.Supp.2d 328, 344-45 (E.D.N.Y. 2000). ...............................15

**Other Authorities**
U.S. Const. amends. VIII, XIV ...........................................................................5, 11, 14

All references to Texas Statutes, rules, etc. are to the latest edition published by West Publishing Company, unless otherwise noted.

# I.    Statement of the Case

This is an appeal from an open plea of guilty by Appellant to the 241st Judicial District Court of Smith County, Texas. (Vol. 1:6). Roxane Yvette Davis' entered a plea guilty to the offense of theft as alleged in the indictment and pleas of true to two allegations that she had previously been convicted of theft. (Vol. 1: 4; 13).  Appellant was sentenced by presiding Judge Jack Skeen to sixteen months confinement in a state jail facility and no fine was assessed. (Vol. 2:75-76). [1]

# II.    Issue Presented

1.    Confinement for a term of sixteen (16) months in the instant cause is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States Constitution because the sentence is disproportionate to the offense. U.S. Const. amends. VIII, XIV.

2.    Appellant's sixteen-month (16 month) sentence is cruel and unusual punishment in violation of Tex. Code Crim. Proc. Ann. art. 1.09.

# III.    Statement of Facts

## A.    Indictment

---

[1] Appellant refers to the Clerk's Record as CR followed by the relevant page citation; he refers to the Reporter's Record from the trial and revocation hearing as Vol. followed by the relevant volume number and page citation. For clarity, the STATE OF TEXAS will be referred to as "the State", ROXANE YVETTE DAVIS will be referred to as "Defendant" or "Appellant" and Judge Jack Skeen will be referred to as "trial court" or "trial Judge".

On September 4, 2014 Appellant was charged by indictment with the offense of theft of property of the value of less than $1,500.00 with two or more previous convictions in cause number 241-1149-14, allegedly committed on or about June 4, 2014. (CR: 1).

## B.    Plea Proceedings

On February 2, 2015, Appellant waived her right to a jury trial, pled guilty before the trial court. (CR: 66).  The matter was recessed, and on February 26, 2015 Appellant appeared before the court and testimony was heard regarding the issue of punishment for the offense of theft, a state jail felony. (CR: 66); (Vol. 1.: p.16; Vol. 2: p. 4).

## C.    State's Evidence

On February 2, 2015, the State offered State's Exhibit One, delineated as a plea packed containing: a form entitled "Agreed Punishment Recommendation"; a form "Entitled Acknowledgment of Admonishments"; a document entitled "Waiver of Trial by Jury"; a document entitled "Agreement to Stipulate Testimony"; and a document entitled "Waiver of Confrontation and Agreement to Stipulate", State's Exhibit Two, delineated as a Stipulation of Evidence, and State's Exhibit Three, delineated as discovery compliance acknowledgment documents. (CR: 35; 41-47); (Vol. 1: p. 14). The Appellant did not object. (Vol. 1: p.14).   The Court questioned the Appellant regarding the voluntariness of her execution of the State's offer of evidence, admitted the evidence offered and recessed the proceedings pending Appellant's request for a full presentence investigation. (Vol. 1: p. 14-17).

On February 26, 2015, the state requested that the trial court take judicial notice of the prior proceedings in the matter and of the presentence investigation report and rested on the evidence. (Vol. 2: p.11).

**D.    Defendant's Evidence**

On February 26, 2015, Appellant began the presentation of her evidence at the punishment phase of the trial. Defendant first offered a letter written by Albert Thomasson, a representative of the Appellant's employer as an addendum to the presentence investigation report. (Vol. 2: p. 11). The state did not object to the offer of an addendum and the court received the letter. *Id*. at 11-12.

The trial court then heard testimony from Amber Clark, the Appellant's pre-trial supervision officer. (Vol 2. p. 12). Ms. Clark testified that she had supervised the Appellant from October 1, 2014 through the date of her testimony. (Vol. 2: p. 13). Clark testified that the Appellant had not missed a single weekly reporting appointment, had met all financial obligations of her pre-trial supervised release, had not failed any drug tests, and had never been less than cordial with Clark during the five months she was required to report. (Vol. 2: pp. 13-14).

The Appellant was then admonished by the court regarding her Fifth Amendment rights and took the stand in her own defense. (Vol. 2: p. 15-18). Appellant testified that she had received a plea agreement offer of nine months state jail from the State and rejected it, choosing instead to ask the court for mercy and probation. (Vol. 2: p. 19-20).

Appellant had been employed at Grandy's restaurant in Longview since September of 2012 and served currently as an assistant manager. (Vol. 2: p. 20-21). Grandy's knew about the charges and would maintain her employment if she was granted probation. *Id*. She testified that on June 4, 2014 she had travelled from Longview, Texas, where she resides, to Tyler to make a car payment and stopped into a bridal shop in Tyler to look at a dress for an upcoming family wedding. *Id*. She found a dress she liked and left a receipt with her name on it with the proprietor as a marker to identify herself to the woman so she could leave to go to her bank and obtain funds to pay for the dress. *Id*. at 22.

Appellant had traveled with a woman named Aquilla Polk to Tyler that day, and she was present in the store where Appellant left the receipt. (Vol. 2: p. 22-23). Appellant learned after leaving the store that her employer required her to immediately return to Grandy's in Longview. (Vol. 2: p. 24). She learned when she stopped to fill her car with gas that Aquilla Polk had stolen a purse from the bridal shop. *Id*. Appellant told Polk to get rid of the purse, and she believed that Polk had done so, only later learning that the credit cards belonging to the purse's owner had been used at a gas station in Tyler and various locations in Longview. (Vol. 2: p. 50-51). Appellant had loaned her car to Polk that day following their return to Longview while she was at work. *Id*.

Appellant admitted that she had a lengthy criminal history of theft and theft related offenses. (Vol. 2: pp. 28-29; 36-39). Appellant served an entire three-year sentence from

July 13, 2009 ending July 12, 2012 for the felony of engaging in organized criminal activity. (Vol. 2: pp. 28; 41). She testified that three-year sentence changed her life. *Id*. at 29. She had not been arrested for any offense in the years since her release from that sentence. (Vol. 2: P. 29-33) She had worked more than 50 hours a week at various jobs, even gaining the trust of her employer at Grandy's to allow her to handle the restaurant's daily cash deposits. *Id*. She was proud to have worked a legitimate job and earn almost $20,000 in 2014, the most she had earned in her life. (Vol. 2: pp. 60-61).

Appellant's adult children are productive citizens; her daughter is on active duty in the Navy. (Vol. 2: p. 29; 33). Appellant testified that her family was dependent on her income and presence to care for her ailing mother and grandchildren. (Vol. 2: p. 33-34).

Appellant admitted she did not do the right thing when she learned Polk had stolen the shopkeeper's purse, but denied that she knowingly participated in the actual theft of the purse. (Vol. 2: p. 30). As a person who had previously committed many thefts, why would she knowingly steal from someone with whom she had left her name and phone number? (Vol. 2: p. 58).

The Trial Court also heard from Diaetta Davis, the mother of the Appellant, who testified that she had been working more than 50 hours per week for the last several years and had made drastic life changes since her release from prison. (Vol. 2: p. 64).

The Trial court finally heard from a friend of Appellant, Joyce Toliver, who described her attendance at and devotion to the Post Oak Baptist Church in Kilgore, Texas.

**E.**   **The Trial Court's Ruling**

At the conclusion of the February 26, 2015 hearing, Appellant was sentenced to sixteen (16) months State Jail. (CR: 38-39; 66). The Appellant appeals her conviction and the sixteen-month (16 month) sentence assessed by the 241st Judicial District Court in and for Smith County, Texas.

## IV.   Summary of the Argument

Issues Presented One and Two:  Confinement for sixteen months (16 months) is unconstitutionally cruel and unusual given the circumstances. The sixteen month sentence imposed upon Appellant is so grossly disproportionate to the offense as alleged, and in light of the facts and circumstances shown by the evidence presented to the trial court, that the Court should reverse the instant cause and remand for a new hearing on punishment.

## V.   Argument and Authorities

### A. Issue Presented One

Confinement for a term of sixteen months in the instant cause is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments of the United States

Constitution because the sentence is disproportionate to the offense. U.S. CONST. amends. VIII, XIV.

## B. Issue Presented Two

Appellant's sixteen month sentence and one thousand dollar fine is cruel and unusual punishment in violation of TEX. CODE CRIM. PROC. ANN. art. 1.09.

## C. Arguments and Authorities under Issues One and Two

The sixteen month sentence imposed upon Appellant is so grossly disproportionate to the offense as alleged, and in light of the facts and circumstances of violations explicated in the hearing, that the Court should reverse the instant cause and remand for a new hearing on punishment.

### 1. *Preservation*

To the extent the State would argue Appellant has not objected in a timely fashion and that her complaint is consequently not preserved pursuant to TEX. R. APP. P. 33.1(a), Appellant would disagree and submit the following. The Court of Criminal Appeals and other courts in particular have proceeded to address complaints of cruel and unusual punishment after noting lack of preservation. *See, e.g., Schneider v. State,* 645 S.W.2d 463, 466 (Tex. Crim. App. 1983); *see also Ray v. State,* 119 S.W.3d 454, 459 (Tex. App.--Fort Worth 2003, pet. ref'd); *Jacobs v. State*, 80 S.W.3d 631 (Tex. App.—Tyler 2002, no pet.).

11

Moreover, the trial court certified Appellant's right to appeal this case. (CR: 57); *See* TEX. R. APP. P. 25.2(a)(2), (d). Lastly, and in any event, Appellant submits that her complaint should be reviewed in the interest of justice.

## 2.  *Relevant History*

Appellant unwaveringly accepted responsibility for commission of this offense and was forthright with the Court about the circumstances of the offense and her criminal history. (Vol. 2, passim). Testimony was presented by Appellant that she had a steady job that would allow her to remain employed even if convicted and that she would be able to meet the terms and conditions of a probated sentence granted her. (Vol. 2, pp. 59-60). Yet, despite this testimony, the trial court sentenced her to sixteen months' confinement. (Vol. 2, p. 76). This punishment falls in the middle of the statutory punishment range available to the Court for the charged offense, a State Jail Felony Offense.

## 3.  *Applicable Law*

As a general rule, punishment assessed within the statutory range is not unconstitutionally cruel and unusual. *See Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App.--Dallas 1997, pet. ref'd). A narrow exception to the general rule that a sentence within the statutory limits is not excessive, cruel, or unusual is recognized when the sentence is grossly disproportionate to the offense. *Alvarez v. State,* 63 S.W.3d 578, 580 (Tex. App.--

Fort Worth 2001, no pet.) (citing, among other authorities, *Moore v. State,* 54 S.W.3d 529, 542 (Tex. App.--Fort Worth 2001, pet. ref'd)).

To analyze a disproportional claim, the reviewing court first makes a threshold comparison of the gravity of the offenses to the severity of the sentences. *See McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.), *cert. denied,* 506 U.S. 849 (1992); *Lackey v. State*, 881 S.W.2d 418, 420-21 (Tex. App.-- Dallas 1994, pet. ref'd). Where the threshold comparison reveals the sentence is grossly disproportionate, the reviewing court then compares the sentence to sentences received by others for similar crimes in this jurisdiction and in other jurisdictions. *McGruder*, 954 F.2d at 316. A federal proportionality analysis under the Eighth Amendment of the United States Constitution considers: (1) the gravity of the offense and the harshness of the sentence; (2) sentences for similar crimes in the same jurisdiction; and (3) sentences for the same crime in other jurisdictions. *See Solem v. Helm,* 463 U.S. 277, 290-92, 103 S.Ct. 3001, 3010-11 (1983); *see also Harmelin v. Michigan*, 501 U.S. 957, 962 (1991)

4.      *Analysis*

Simply put, the sentence imposed constitutes cruel and unusual punishment in violation of the Eight Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment, and article 1, section 19 of the Texas Constitution. U.S. CONST. amends. VIII, XIV; TEX. CONST. art. 1, 19.

The sixteen month sentence in the case at bar is grossly disproportionate to the charged offense. Comparing the gravity of the offense against the severity of the sentence compels the conclusion that the sentence violated constitutional constraints. Appellant freely admitted to her participation and complicity, after the fact, in the offense of theft and accepted responsibility for the offense before the Court. (Vol 2, p. 25; 30). Defendant further identified a previously unknown actor in the offense to the State at the time of her sentencing hearing. Id. at 23. Despite her frank and unwavering acceptance of responsibility and candor with the Court, Appellant was sentenced to sixteen months' confinement in the Texas prison system. The harsh conditions of this system have received mention in other jurisdictions. *See, e.g.*, *United States v. Blake*, 89 F.Supp.2d 328, 344-45 (E.D.N.Y. 2000). As a consequence, Appellant submits that her punishment is cruel and unusual in violation of the Eight and Fourteenth Amendments of the United States Constitution and in violation of TEX. CODE CRIM. PROC. ANN. art. 1.09. Accordingly, a reversal of the instant cause and remand for a new sentencing hearing is warranted.

## VI.    Prayer

Upon the issue presented, Appellant prays for a reversal of her conviction, and a remand for a new punishment hearing, and for any such other relief at law she may be granted.

14

Respectfully submitted,


By:    /s/ J. Brandt Thorson
       J. Brandt Thorson
       SBN: 24043958
       **J. BRANDT THORSON, PLLC**
       606 E. Methvin St.
       P.O. Box 3768
       Longview, Texas 75606
       (903) 758-4878
       (903) 212-3038 Facsimile
       jbt@jbtfirm.com


## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 2983 words according to the computer program used to prepare the document.

              /s/ J. Brandt Thorson
              J. Brandt Thorson


## CERTIFICATE OF SERVICE

I, the undersigned certify that a true and correct copy of Appellant's Brief was served to D. Matt Bingham, Criminal District Attorney of Smith County, on this 3rd day of July, 2015 electronically through the electronic filing manager.

              /s/ J. Brandt Thorson
              J. Brandt Thorson
              SBN: 24043958