**Ruben Acosta BAZLDUA, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–131–CR.**

Court of Appeals of Texas, Fort Worth.

May 15, 1982.

Kerry P. FitzGerald, Dallas, for appellants.

Tim Curry, Dist. Atty., Victoria Fay Prescott, Fort Worth, for appellees.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from conviction for aggravated robbery. V.T.C.A., Penal Code § 29.-03.

After the jury's verdict of guilty, the court assessed punishment at 25 years imprisonment.

We affirm.

The evidence is that appellant entered a grocery store, exhibited a pistol to a cashier, demanded and received the money and fled.

The cashier later viewed appellant's photo in a police department photo spread and identified him in a police lineup and at the trial.

Appellant complains of fundamental defects (1) in the indictment, because it does not allege the owner of the property, and (2) in giving the jury a *disjunctive* charge on elements of the offense that were stated *conjunctively* in the indictment; and also complains (3) that his sentence constitutes cruel and unusual punishment.

The indictment, *inter alia*, alleges that on or about November 12, 1979, appellant did:

THEN AND THERE INTENTIONALLY AND KNOWINGLY, WHILE IN THE COURSE OF COMMITTING THEFT OF PROPERTY AND WITH INTENT TO OBTAIN AND MAINTAIN CONTROL OF SAID PROPERTY, THREATEN AND PLACE RAUNDA CLEMENTS IN FEAR OF IMMINENT BODILY INJURY AND DEATH, AND THE DEFENDANT DID THEN AND THERE USE AND EXHIBIT A DEADLY WEAPON TO-WIT: A FIREARM.

■ An indictment for aggravated robbery need not include an allegation of ownership of the property taken. *Ex Parte Lucas*, 574 S.W.2d 162 (Tex.Cr.App.1978).

Appellant's first ground of error is overruled.

■ The second ground complains that charging the jury *disjunctively* on elements of the offense that were stated *conjunctively* in the indictment is fundamental error which requires reversal.

We disagree. *Cowan v. State*, 562 S.W.2d 236 (Tex.Cr.App.1978).

The record contains no objections to the court's charge on any other ground.

Appellant's second ground of error is overruled.

■ The third ground argues that the sentence is cruel and unusual in violation of (a) the Fifth and Fourteenth Amendments of the United States Constitution, (b) Art. 1, section 19, Texas Constitution, and (c) V.A.C.C.P. art. 1.04.

We observe that the punishment assessed is within statutory limits. V.T.C.A., Penal Code § 12.32.

Having reviewed the record which includes evidence that the robbery was committed using a firearm, and that the appellant had previously been convicted of robbery and of burglary of a vehicle, we conclude the court's punishment was neither cruel nor unusual and does not violate the constitutional or statutory rights asserted by appellant. *Gaines v. State*, 479 S.W.2d 678 (Tex.Cr.App.1972).

The third ground of error is overruled.

Judgment is affirmed.