Michael Edwin **SCHNEIDER**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 67354, 67355.

Court of Criminal Appeals of Texas, En Banc.

Feb. 16, 1983.

---

Ross Teter, Dallas, for appellant.

Henry Wade, Dist. Atty. and William D. Sheetz and William M. Fry, Jr., Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from convictions for aggravated robbery. In cause number 67,-354 the punishment is imprisonment for 75 years; in cause number 67,355 the punishment, which is enhanced by a prior felony conviction, is imprisonment for 75 years.

The two charges against the appellant were joined for trial. The appellant presents the same ten grounds of error in the appeal of each case. The sufficiency of the evidence is not challenged in either case.

The appellant, without citing any authority whatsoever, urges that this appeal should be abated until the judge who tried the cases approves the record. These cases were consolidated for trial and were tried in Criminal District Court Number 4 of Dallas County; the Honorable John Mead is the regularly elected judge. However, by proper assignment, which is not contested, the Honorable Temple Driver, Judge of the 89th District Court of Wichita County, presided over this trial. When the records were completed and counsel was notified there were no objections to the record. The record was then approved by Judge Mead. Thereafter there appears in the transcript an instrument that does not bear a file mark nor any indication it was presented to the court in which appellant's counsel objects because the record was not approved by Judge Driver.

■ Article 40.09, Section 7, V.A.C.C.P. (1965), requires that the "entire record [be] approved by the court." *Stoker v. State,* 415 S.W.2d 923 (Tex.Cr.App.1967); *Flores v. State,* 419 S.W.2d 202 (Tex.Cr.App.1967); *Johnson v. State,* 420 S.W.2d 728 (Tex.Cr.

App.1967). Since the effective date of the 1965 Code of Criminal Procedure it does not appear this court has written on the question presented here.

Prior to 1965 the procedure for approval of the "entire record" was not required. Articles 759a and 760 V.A.C.C.P. (1925) and analogizing the cases decided prior to 1965 would not be helpful. The approval of the records in civil cases has also caused some difficulty through the years. *Fidelity and Casualty Company of New York v. Johnson,* 419 S.W.2d 352 (Tex.1967); *Shaeffer v. Smyth,* 37 S.W.2d 1012 (Tex.Comm. of App. 1931); *Lykes Bros. Steam Ship Co., Inc. v. Benben,* 601 S.W.2d 418 (Tex.Civ.App.— Houston [14th] 1980). However, it has been held that the phrase "the judge" used in the former statute regarding approval of the record in civil cases, Article 2243 R.S.1925, meant any judge who may be legally authorized to hold said court. *Rankin v. Nash-Texas Co.,* 58 S.W.2d 902 (Tex.Civ.App.— Dallas 1933); *Schulz v. Boyd,* 32 S.W.2d 483 (Tex.Civ.App.—Dallas 1930). We hold that Article 40.09, Section 7, V.A.C.C.P. which requires "the court" to approve the record means any judge who may be legally authorized to hold said court. The appeal will not be abated.

■ The appellant complains that he requested but did not get a record of the jury voir dire. The request is in the transcript, but there is no indication that it was ever presented to or acted on by the trial judge. What was said in *Wells v. State,* 578 S.W.2d 118 (Tex.Cr.App.1979) is applicable here:

" . . . . [A]ppellant contends fundamental error occurred when the complete voir dire examination of the jury was not recorded by the court reporter even though he filed a motion requesting such a record be made pursuant to Art. 40.-09(4), V.A.C.C.P. He relies on *Cartwright v. State,* Tex.Cr.App., 527 S.W.2d 535, and *Ex parte Jones,* Tex.Cr.App., 562 S.W.2d 469. Although the record does contain a motion for such a record, there is no indication that the motion was ever brought to the trial court's attention.

The mere filing of such a motion does not constitute 'an affirmative request for the court reporter to take the record under Article 40.09,' *Presley v. State,* Tex.Cr. App., 538 S.W.2d 624, 626, so as to invoke the rule of Cartwright and Jones. The motion must be called to the attention of the court before it will constitute an affirmative request. The ground of error is overruled." P. 119.

The appellant complains of the trial court's failure to make findings of fact as to the admissibility of the in-court identification testimony of witnesses who had identified appellant in a photographic line up prior to trial. Although it is a proper practice for the trial judge to make findings of fact concerning the admissibility of identification testimony, *Martinez v. State,* 437 S.W.2d 842 (Tex.Cr.App.1969), the failure to make written findings of fact is not reversible error. *Garcia v. State,* 563 S.W.2d 925 (Tex.Cr.App.1978); *Burton v. State,* 636 S.W.2d 802 (Tex.App.—El Paso 1982).

In two grounds of error the appellant urges that the sentence is void because it inflicts cruel and unusual punishment, and because the court did not instruct the jury on the constitutional prohibitions against cruel and unusual punishment. These contentions were not raised in the trial court and consequently the errors urged are not preserved for review. In any event, one prior felony conviction was alleged to enhance the punishment and there was proof the appellant had an additional prior felony conviction; the punishment assessed was within the limits provided by law. The punishment does not violate the constitutional provisions. See *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *McNew v. State,* 608 S.W.2d 166 (Tex.Cr.App.1980); *Gaines v. State,* 479 S.W.2d 678 (Tex.Cr.App.1972); *Bazldua v. State,* 633 S.W.2d 359 (Tex.App. —Ft. Worth 1982).

In joint argument under two grounds of error the appellant urges that: the trial judge abused his discretion in denying a motion for continuance; and he was denied the effective assistance of counsel, since counsel did not present the testimony of two witnesses.

The transcript includes a written motion for continuance grounded on the absence of Charles Joseph Yates and Oliver Kelly Lawson. The motion was filed on the day trial commenced, but there is no indication the motion was called to the attention of the trial judge until the punishment phase of the trial was reached. At the punishment phase of the trial appellant called three witnesses: Lou Detwiler, a counselor with the Palmer Drug Abuse Program, Andrew J. Tubbs with the Dallas County Education Rehabilitation Program, and Wilma Mae Sumlin, a chaplain at the Dallas County jail employed by the Turnpike Church of Christ in Grand Prairie. All three of these witnesses knew, counseled, and worked with the appellant in their various rehabilitation programs while he was incarcerated in the Dallas County jail. Each of these witnesses testified that the appellant was being and could be rehabilitated. The appellant also wanted to present the testimony of Yates and Lawson who were both chaplains working for the same church organization as the witness Sumlin. A subpoena had been issued for Yates and Lawson seven days before trial; however, they had not been served and were both in Arkansas when the trial started. They were expected back in the Dallas area on the evening of the day the punishment phase of the trial started. The trial judge recessed so that Yates and Lawson could testify the next morning. Yates and Lawson were not available the next morning and the judge refused a postponement. In rebuttal of the appellant's three witnesses the State offered the testimony of Dr. James Grigson, a psychiatrist, who testified he had examined the appellant and found he had a "sociopathic personality disorder" and in Grigson's opinion the appellant could not be rehabilitated. On a motion for new trial Yates and Lawson testified that the appellant had had a religious experience the result of which he could be rehabilitated.

In the circumstances presented we find the testimony of Yates and Lawson would

have been cumulative with that of the other three defense witnesses, and the trial judge did not abuse his discretion in overruling the motion for continuance. We also find that the appellant was not deprived of effective assistance of counsel. The record, when judged as a whole and all circumstances considered, demonstrates counsel was diligent and aggressive in presenting the appellant's defense. Counsel had subpoenaed the witnesses and made reasonable efforts to obtain their testimony. Moreover, ineffective assistance of counsel cannot be established by separating out one portion of trial counsel's performance for examination. *Bolden v. State,* 634 S.W.2d 710 (Tex.Cr.App.1982); *Johnson v. State,* 629 S.W.2d 731 (Tex.Cr.App.1981); *Simmons v. State,* 629 S.W.2d 38 (Tex.Cr.App. 1981).

It is urged that the following argument of the prosecutor presents reversible error.

PROSECUTOR—MR. SCHICK: "Now, what do we know about him? One other point: We don't know what his work record is, what his family background is. You see? There is no evidence he even worked.

DEFENSE—MR. PITZER: "We object to that as being a comment on the Defendant's decision not to testify.

THE COURT: "Objection sustained.

MR. SCHICK: "Let me rephrase it.

MR. PITZER: "We ask that the jury be instructed to disregard it.

THE COURT: "The jury is so instructed to disregard it.

MR. PITZER: "We move for a mistrial.

THE COURT: "Overruled.

MR. SCHICK: "The only reasonable deduction from the evidence is there's not one person that took that stand and told you they knew what his work record was. If he had discussed it with them they didn't remember it; it wasn't important. Not one employer came down and told you that he had worked with this individual and he had been a good employee and they wanted him back, anything of that nature. . . ."

The appellant had offered testimony that he could be rehabilitated. The prosecutor's argument was that appellant had not offered testimony of other witnesses as to his work habits and work record; this was legitimate argument and was not a reference to appellant's failure to testify. Where the argument can reasonably be construed as referring to the failure to produce other testimony than his own, it is not improper. *Green v. State,* 587 S.W.2d 167 (Tex.Cr.App.1979); *Hunter v. State,* 640 S.W.2d 656 (Tex.App.—El Paso 1982). We perceive no error.

The appellant says that the court committed fundamental error in allowing Dr. Grigson to testify; he was of the opinion that appellant "had no conscience" and that he "could not be rehabilitated." He argues psychiatrists are not competent to testify about such matters. Since the objection now made on appeal was not made at the time of the trial nothing is presented for review. E.g. *Brooks v. State,* 599 S.W.2d 312 (Tex.Cr.App.1979); *Von Byrd v. State,* 569 S.W.2d 883 (Tex.Cr.App.1978); *Leach v. State,* 548 S.W.2d 383 (Tex.Cr.App. 1977); *Wilburn v. State,* 636 S.W.2d 771 (Tex.App.—Corpus Christi 1982).

The appellant urges the trial judge erred in denying his motion for assistance of a private investigator. The appellant argues this right to an independent investigation is an absolute right and proof of need and prejudice is neither reasonable or necessary. We overrule this ground of error. See *Wallace v. State,* 618 S.W.2d 67 (Tex.Cr.App.1981); *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980); *Cadd v. State,* 587 S.W.2d 736 (Tex.Cr.App.1979); *Freeman v. State,* 556 S.W.2d 287 (Tex.Cr. App.1977).

The judgments are affirmed.

Opinion approved by the court.