Affirmed and Memorandum Opinion filed October 20, 2005









Affirmed and Memorandum Opinion filed October 20,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00758-CR

____________

 

SAULO COOPER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 183rd District Court

Harris
County, Texas

Trial
Court Cause No. 779,782

 



 

M E M O R A N D U M   O
P I N I O N

Appellant pled guilty to the offense of aggravated robbery
without an agreed recommendation as to sentencing.  On November 9, 1998, the trial court entered
an order deferring adjudication of guilt and placing appellant on ten years of
community supervision. The State subsequently moved to adjudicate.  On July 1, 2004, the trial court adjudicated
appellant guilty of the offense of aggravated robbery and sentenced him to
twelve years= imprisonment in the Texas Department
of Criminal Justice, Institutional Division. 
On appeal, appellant raises one issue. 
We affirm.








Appellant claims the trial court abused its discretion in
sentencing appellant to twelve years in prison because this violates the
constitutional prohibition against cruel and unusual punishment.  The state responds that appellant has waived
error because no objection was raised in the trial court.  

The Court of Criminal Appeals has held that, if the
contention of cruel and unusual punishment is not raised in the trial court,
any error is not preserved for review.  Schneider
v. State, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983).  The record shows that no objection was made
in the trial court challenging the sentence on the ground of cruel and unusual
punishment.  Accordingly, appellant did
not preserve error for review.  

In any event, the punishment appellant received falls within
the range of punishment for the offense of aggravated robbery, which is a first
degree felony. The punishment range for a first degree felony includes
imprisonment for life or for a term not less than five nor more than ninety-nine
years.  Tex.
Pen. Code Ann. ' 12.32(a) (Vernon 2003). 
In Texas, where the punishment assessed by the judge or the jury was
within statutorily prescribed limits, it is not cruel and unusual
punishment.  McNew v. State, 608
S.W.2d 166, 174 (Tex. Crim. App. 1978)(citing Samuel v. State, 477
S.W.2d 611, 614 (Tex. Crim. App.1972); Cooks v. State, 5 S.W.3d 292, 298
(Tex. App.BHouston [14th Dist.] 1999, no
pet.).  Thus, we find no merit in
appellant=s sole issue.

The judgment of the trial court is affirmed.

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed October 20, 2005.

Panel consists of Justices Hudson,
Frost, and Seymore. 

Do Not Publish C Tex. R. App. P. 47.2(b).