NUMBER 13-03-334-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

MANUEL FLORES,                                                                           Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 28th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Castillo and Garza

 

      Opinion by Chief
Justice Valdez

 








Appellant, Manuel Flores, pled guilty to one felony
count of aggravated sexual assault with a child, see Tex. Pen. Code Ann. ' 22.021(a) (Vernon Supp. 2004-05), and two counts of
indecency with a child.  See id.  ' 21.11(a) (Vernon Supp. 2004-05).  After receiving appellant=s plea, the trial court deferred its adjudication of
guilt and placed appellant on community supervision for a period of ten
years.  The State later moved to
adjudicate guilt, alleging that appellant violated several terms of his
community supervision.  Appellant pled
true to every allegation in the State=s motion to revoke, and the trial court adjudicated
guilt and sentenced appellant to twenty-five years= imprisonment on the count of sexual assault and
twenty years= imprisonment on each of the two sexual indecency
counts, with the sentences to run concurrently.   Appellant now appeals the judgment of the
trial court.  We affirm.

Anders Brief

Appellant=s counsel filed an Anders brief with this
Court in which he concluded, after careful investigation, the appeal is
frivolous and without merit.  See
Anders v. California, 386 U.S. 738, 744 (1967).  The brief presents a professional evaluation
showing why there is no basis to advance an appeal.  See Stafford v. State, 813 S.W.2d 503,
509‑10, 510 n.3 (Tex. Crim. App. 1991). 
We conclude counsel's brief meets the requirements of Anders. See
Anders, 386 U.S. at 744‑45; High v. State, 573 S.W.2d 807, 813
(Tex. Crim. App. 1978).   Counsel also
informed appellant that he had the right to file a pro se appellate brief and
to review the record.  See McMahon v.
State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975); Johnson v. State,
885 S.W.2d 641, 646 (Tex. App.BWaco 1994, pet. ref'd) (per curiam). 

In the Anders brief, counsel raised the
following potential ground for appeal:  
the trial court abused its discretion when it revoked appellant=s community supervision.  However, counsel concluded that this
potential ground for appeal has no merit. 
For the reasons below, we agree.








In these circumstances, our review of a community
supervision revocation hearing is limited to a determination of whether the
trial court abused its discretion.  See
Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); Guzman v.
State, 923 S.W.2d 792, 795 (Tex. App.BCorpus Christi 1996, no pet.).  The State bears the burden to establish the
alleged violations of the trial court's order by a preponderance of the
evidence.  Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993); Becker v. State, 33 S.W.3d 64,
66 (Tex. App.BEl Paso 2000, no pet.).  That burden is met when the greater weight of
the evidence before the court creates a reasonable belief that the defendant
violated a condition of community supervision.  
See Taylor v. State, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); Williams
v. State, 910 S.W.2d 83, 85 (Tex. App.BEl Paso 1995, no pet.).  In determining whether the allegations in the
revocation motion are true, the trial court is the sole trier of facts, the
credibility of the witnesses, and the weight to be given the testimony. Taylor,
604 S.W.2d at 179; Becker, 33 S.W.3d at 66.  The reviewing court must view the evidence presented
at the revocation proceeding in a light most favorable to the trial court's
ruling.  Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

If a single ground for revocation is supported by a
preponderance of the evidence and is otherwise valid, then an abuse of
discretion is not shown.  Sanchez v.
State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980);   Gordon v. State, 4 S.W.3d 32, 35
(Tex. App.BEl Paso 1999, no pet.).








Here, the record shows that appellant pled true to
each of the allegations raised in the State=s
motion to revoke.  Furthermore, appellant=s probation officer, therapist, wife, mother-in-law,
and sister-in-law all testified during the revocation hearing as to the
circumstances in which appellant violated the terms of his community
supervision.  Although several of the
testifying witnesses defended appellant=s character and provided reasons or excuses as to
why appellant committed these violations, it is undeniable that they each
provided evidence to support the State=s motion to revoke. 
Appellant also testified, reiterating his admission of having violating
the terms of his community supervision. 
The trial court, therefore, did not abuse its discretion in determining
that appellant=s community supervision should be revoked.  See Guzman, 923 S.W.2d at 795.

Pro Se Brief

Following the receipt of counsel=s Anders brief, we abated the case and
ordered  counsel to notify appellant of
his right to review the record in order to determine what issues to raise in a
pro se brief.  See McMahon v. State,
529 S.W.2d 771, 772 (Tex. Crim. App. 1975); Sowels v. State, 45 S.W.3d
690, 693 (Tex. App.BWaco 2001, no pet.). 
Counsel provided such notification and appellant then filed his pro se
brief. 

In his pro se brief, appellant argues that
prosecutorial misconduct and inadequate due process of law led to his
sentencing.  He also complains about the
length of his sentence, which we construe as raising an issue alleging
disproportionate sentencing. 








 In addressing
appellant=s claim of prosecutorial misconduct, we note that
claims of prosecutorial misconduct are determined on a case‑by‑case
basis.  See Stahl v. State, 749
S.W.2d 826, 830-31 (Tex. Crim. App. 1988); Perkins v. State, 902 S.W.2d
88, 96  (Tex. App.BEl Paso 1995, no pet.).  Prosecutorial misconduct has been found where
the prosecutor's actions deliberately violated an express court order and where
the prosecutor's misconduct was so blatant as to border on being
contumacious.  Stahl, 749 S.W.2d
at 831 (citing Landry v. State, 706 S.W.2d 105, 111 (Tex. Crim. App.
1985)). However, where a defendant does not object on the basis of
prosecutorial misconduct, any error is not preserved.  See Perkins, 902 S.W.2d at 96.  Accordingly, as appellant did not object at
trial on this ground, he is barred from raising this contention on appeal.

Furthermore, even if appellant had preserved error,
we would not find that any reversible error occurred.  When a plea rests in any significant degree
on a promise or agreement of the prosecutor, so that it can be said to be part
of the inducement or consideration, such promise must be fulfilled.   See Santobello v. New York, 404 U.S.
257, 262 (1971); see also Gibson v. State, 803 S.W.2d 316, 318 (Tex.
Crim. App. 1991).   Here, the claimed
misconduct occurred when the prosecutor allegedly told appellant before his
hearing that if appellant admitted to the probation violations, the prosecutor
would not present any witnesses or other evidence against him.  However, when the revocation hearing began
and appellant entered his plea of true, the prosecutor immediately began
presenting witness testimony.  Despite
this surprise, we see that appellant, through counsel, made no objection or
complaint, thoroughly cross-examined each witness, and then took the stand and
admitted the truth of each allegation against him.  In his pro se brief he again notes his intent
to be honest.  There is no evidence that
appellant would have not pled true to the allegations against him had there
been no promise by the prosecutor to not present evidence.  Thus, we find inadequate evidence of any
inducement or consideration by the prosecutor sufficient to cause appellant to
plea in the way he did.   Appellant=s first issue is overruled. 








By his second issue, appellant argues that given
this surprise move by the prosecutor, he was denied due process of law.  A probationer is entitled to due process of
law in revocation proceedings.  See
Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980).  Specifically, appellant was entitled to the
following minimum due process protections: 
a written motion notifying him of the alleged probation violations;
disclosure of adverse evidence; the opportunity to be heard, to present
witnesses, and to confront and cross‑examine adverse witnesses; the right
to a neutral and detached trial judge; and the trial judge's written statement
disclosing the evidence relied on and the reasons for revoking probation.  See Gagnon v. Scarpelli, 411 U.S. 778,
786 (1973).   Also, probation may not be
revoked on grounds other than those set forth in the State's petitions to
revoke. See Caddell, 605 S.W.2d at 277. 

We have reviewed the record and conclude that all of
the Gagnon elements were present in this case.  Appellant read and signed a form entitled ADefendant=s Waiver of Rights in Probation Revocation
Proceeding,@ and participated fully in the revocation
proceeding, and the judge filed a written explanation of the judgment.  We overrule appellant=s second issue.

By his third issue, appellant states:  AThis is my first felony.  I did not pick up another charge.  I never came out positive on my [drug
tests].  I never re-offended.  I did everything as best I could.  I went to my sex offenders counsel[ing] . . .
and kept up my payments as required.  Yet
my first [motion to revoke], I get 25 years.@   We construe this as a complaint about the
disproportionate length of his sentence. 


We first note that appellant failed to preserve this
issue for appeal through an objection to the length of the sentence when
imposed.  See Tex. R. App. P. 33.1; Schneider v.
State, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983).   Even had this issue been preserved, however,
we would conclude that the sentence imposed was not disproportionate.  








Constitutionally, a criminal sentence must be
proportionate to the crime for which the defendant is convicted.   See Puga v. State, 916 S.W.2d 547,
548 (Tex. App.BSan Antonio 1996, no pet.).  "Punishment [is] grossly
disproportionate to a crime only when an objective comparison of the gravity of
the offense against the severity of the sentence reveals the sentence to be extreme."
 Baldridge v. State, 77 S.W.3d
890, 893 (Tex. App.BHouston [14th Dist.] 2002, pet. ref'd); see Solem
v. Helm, 463 U.S. 277, 290-92 (1983).

Appellant is not being punished with twenty-five
years of imprisonment, as he appears to allege, for failing to adhere to his
community supervision guidelines; instead, he is being punished for the
underlying offenses of aggravated sexual assault and indecency with a
child.  The punishment assessed falls
within the applicable punishment range for these offenses.  See Tex.
Pen. Code Ann.  '' 12.32(a); 22.021(a) (Vernon Supp.  2004-05) (stating that the punishment range
for this level of felony is life or for any term of not more than 99 years or less
than 5 years).  Given the nature of the
offense, appellant=s relationship to the child victim, and appellant=s admission to committing the same offense with
other victims, as well as appellant=s failure to comply with the community supervision
terms originally imposed by the court, we do not find this sentence grossly
disproportionate.  Appellant=s third issue on appeal is overruled.  

Appellant=s
Motion for New Appellate Counsel

Following counsel=s
filing of the Anders brief with this Court, appellant filed a pro se
motion requesting new court-appointed counsel for his appeal.  Appellant=s
appellate counsel had been appointed to replace appellant=s appointed trial counsel.  








According to the code of criminal procedure, Awhenever the [trial] court determines that a
defendant charged with a felony . . . 
the court shall appoint one or more practicing attorneys to defend him.@  Tex. Code Crim. Proc. Ann. art. 26.04
(Vernon Supp.  2004-05).  An attorney appointed under this subsection
is required to continue representing his client until Acharges are dismissed, the defendant is acquitted,
appeals are exhausted, or the attorney is relieved of his duties by the court
or replaced by other counsel.@  Id.  Under this statute, the trial court retains
responsibility for relieving an appointed attorney of his duties. See id.;
Enriquez v. State, 999 S.W.2d 906, 908 (Tex. App.BWaco 1999, no pet.). 
Similarly, the trial court retains the responsibility for appointing new
counsel to represent an indigent appellant. 
Enriquez, 999 S.W.2d at 908. 
Therefore, we are not the proper court to consider appellant=s motion for new counsel.  Furthermore, we note that appellant has no
right to have new counsel appointed merely because his own attorney has filed
an Anders brief.  Only if this
Court determines that there are in fact non-frivolous grounds for appeal are we
required to remand the case to the trial court for appointment of new
counsel.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  
As we have reviewed the record and find no arguable grounds for appeal,
we decline to remand for appointment of new counsel.  

Independent Review

Upon receiving an Anders brief, we must
conduct a full examination of all the proceedings to determine whether the case
is wholly frivolous.  Penson v. Ohio,
488 U.S. 75, 80 (1988).  We have reviewed
the remainder of the entire record and find that the appeal is wholly
frivolous.  See Stafford, 813
S.W.2d at 509.  Accordingly, we affirm
the judgment of the trial court.

Motion to Withdraw








Counsel has requested to withdraw from further
representation of appellant on this appeal. 
An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief.  Moore
v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford,
813 S.W.2d at 511.  We grant counsel's
motion to withdraw and order him to notify appellant of the disposition of his
appeal and the availability of discretionary review.  See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (per curiam). 

Conclusion

The judgment of the trial court is affirmed.

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

Memorandum Opinion delivered and filed

this 1st day of December, 2005.