Affirmed and Memorandum Opinion filed January 28, 2010.

 

 

                                                In
The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00611-CR

___________________

 

Michael David Whitton, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 123rd District Court

Shelby County,
Texas



Trial Court Cause No. 05CR-16,357

 



 

 

MEMORANDUM OPINION

            Appellant Michael David Whitton appeals the revocation
of deferred adjudication community supervision.  In five issues, appellant
challenges the legal sufficiency of the evidence to sustain the adjudication,
the trial court’s admission of polygraph evidence and evidence of extraneous
offenses, and appellant’s life sentence on the basis of cruel and unusual
punishment.  We affirm.

I.         Factual
and Procedural Background

Appellant was charged by indictment in 2005 for the
offense of aggravated sexual assault of a child.  Appellant waived his right to
trial by jury and judicially confessed to committing the offense.  He received
ten years’ deferred adjudication probation, among other things, in November
2006.

In April 2007, the State moved to adjudicate
appellant’s guilt, alleging that appellant had violated the terms and
conditions of his community supervision.  In its motion, the State alleged the
following violations of the terms and conditions of appellant’s community
supervision:  twice failing to register as a sex offender on or about April 6,
2007, consuming an alcoholic beverage on or about March 27, 2007, failing to
report a change in residence seven days prior to moving on or about March 27,
2007, several instances of failing to remit monies due for costs and fees
associated with his probation and supervision, failing to work court-ordered
community service hours, failing a polygraph examination by deception, failing
to attend group counseling for sex offenders, and failing to provide proof of
registration to his probation officer.  

Appellant pleaded “not true” to the allegations in
the State’s motion to adjudicate.  The trial court conducted an evidentiary
hearing to determine whether appellant had violated the terms of his community
supervision.  The trial judge found the State’s allegations to be true and
found appellant guilty of the offense of aggravated sexual assault of a child. 
After the State presented evidence in the sentencing phase, the trial judge sentenced
appellant to a life of confinement.  On appeal, appellant challenges his life sentence
and the evidence supporting the revocation of his deferred adjudication.[1]

 

II.        Issues and Analysis

A.        Is the evidence legally
sufficient to sustain the adjudication?

            In his third
issue, appellant challenges the legal sufficiency[2] of the evidence to
sustain the adjudication.  According to appellant, the State offered
conflicting testimony about appellant’s registration status and where he
resided. 

Our review of the trial court’s order revoking
probation is limited to determining whether the trial court abused its
discretion.  Caddell v. State, 605 S.W.2d 275, 277 (Tex. Crim. App.
1980).  When a trial court finds several violations of probationary conditions,
we affirm the order revoking probation if the proof of any single allegation is
sufficient.  See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.
1980) (“We need not address appellant’s other contentions since one sufficient
ground for revocation will support the court’s order to revoke probation.”); Hart
v. State, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref’d); Greer
v. State, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet.
ref’d). 

A claim of insufficient evidence is limited to the
traditional legal-sufficiency analysis in which we view the evidence in the
light most favorable to the decision to revoke.  See Hart, 264 S.W.3d at
367.  In determining questions regarding the sufficiency of the evidence in
probation revocation cases, the State has the burden to establish by a
preponderance of the evidence that appellant committed a violation of the terms
and conditions of community supervision.  Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984).  The preponderance-of-the-evidence standard is
met when the greater weight of the credible evidence before the trial court supports
a reasonable belief that a condition of probation has been violated.  Rickels
v. State, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006).  When the State fails
to meet its burden, it is an abuse of discretion for the trial court to issue a
revocation order.  Cardona, 665 S.W.2d at 493–94.

In a revocation proceeding, the trial judge is the
sole trier of the facts, the credibility of the witnesses, and the weight to be
given to witnesses’ testimony.  Diaz v. State, 516 S.W.2d 154, 156 (Tex.
Crim. App. 1974); Aguilar v. State, 471 S.W.2d 58, 60 (Tex. Crim. App.
1971).  “Reconciliation of conflicts and contradictions in the evidence is
within the province of the jury, and such conflicts will not call for reversal
if there is enough credible testimony to support the conviction.”  Bowden v.
State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982); see Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979).  

Testimony at trial reflects that, as a sex offender,
appellant was required to update any change of residence seven days prior to
moving.  When appellant first received probation in November 2006, he registered
his address at the Dorsey Motel in Timpson, Texas.  When he moved to the Iley
Motel in February 2007, he registered that address with his probation officer. 
On about March 6, 2007, appellant indicated to his probation officer that he wanted
to move back to the Dorsey Motel.  The probation officer and an administrative
secretary with the sheriff’s office testified that appellant’s registration
records were not updated with any change of residence back to the Dorsey
Motel.  

On March 27, 2007, the probation officer went to the
Dorsey Motel to find appellant, but learned from a woman named Maxine Reed that
appellant had moved out and was no longer living there at that time.  Reed’s testimony
at the adjudication hearing confirmed that appellant had moved out and no
longer resided at the Dorsey Motel when the probation officer came to visit. 
The probation officer testified that she learned from appellant on April 3,
2007, that appellant had been living with his mother in Timpson during that time. 
According to the probation officer, appellant failed to report a change in
residence to reflect he was currently residing at his mother’s home.  

The record in this case contains sufficient credible
evidence for the trier of fact to have formed the reasonable belief that
appellant failed to register his address in accordance with the terms of his
community supervision.  See Mauney v. State, 107 S.W.3d 693, 695 (Tex.
App.—Austin 2003, no pet.) (concluding trial court did not abuse its discretion
in revoking probation based on evidence that appellant failed to register a
change of address as required by the conditions of his probation).  The State
met its burden of proving that appellant violated the terms of his community
supervision.[3] 
See id.  The evidence is sufficient to support the order revoking
appellant’s probation.  See id.  Accordingly, the trial court did not
abuse its discretion in finding that appellant had violated these conditions of
his probation and in revoking appellant’s probation.  See id.  We,
therefore, overrule appellant’s third issue.

B.        Did the trial
court err in admitting evidence?

            Appellant
complains in two issues that the trial court erred in admitting evidence that
he failed a polygraph examination and extraneous-offense evidence of his sexual
conduct with minors, as reflected in the polygraph examination results.

            In his first
issue, appellant asserts the trial court erred in considering evidence that he
failed a polygraph examination, because, according to appellant, polygraph
tests or results are inadmissible for all purposes.  In his appellate brief, appellant
does not identify any place in the record at which he voiced any objection to
the trial court’s consideration of the polygraph test; however, our independent
review of the record reveals that there are two places in the record in which
appellant objected to portions of the polygraph examination.  Appellant
objected to the probation officer’s testimony regarding certain parts of the
polygraph examination that appellant failed.  Appellant alleged that such
testimony was hearsay and denied appellant the opportunity to confront the
polygraph examiner as an expert witness.  The probation officer testified that
she received a report pertaining to the polygraph examination and that it was
part of appellant’s probation file; however, the probation officer did not
testify as to particular questions in the polygraph examination or the results
of the examination.  At no point during this testimony did appellant object to
the polygraph examination results as being inadmissible.

            During the
polygraph examiner’s testimony, appellant objected on relevance grounds to
references to the portions of the polygraph examination pertaining to
appellant’s prior sexual history.  Appellant asked for and received a running
objection to any testimony that did not specifically pertain to the conditions
of appellant’s supervision and treatment.  When the polygraph examination
results were admitted into evidence, appellant re-urged the objection that
portions of the examination did not pertain to conditions of appellant’s
treatment and probation.  Appellant did not object at the adjudication hearing
to the polygraph examination or its results as being inadmissible for all
purposes.  

To preserve a complaint for appellate review, a party
must present to the trial court a timely request, objection, or motion stating
the specific grounds for the ruling desired.  Tex.
R. App. P. 33.1(a); see Sanchez v. State, 222 S.W.3d 85, 89–90
(Tex. App.—Tyler 2006, no pet.) (holding that an appellant’s failure to object
to polygraph results at trial waived error).  A defendant’s appellate
contention must comport with the specific objection made at trial.  Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  An objection stating
one legal theory may not be used to support a different legal theory on
appeal.  Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). 
Appellant’s complaint on appeal that the polygraph examination results are inadmissible
for all purposes was raised for the first time on appeal.  Because appellant’s
argument on appeal does not comport with the objection raised in the trial
court, appellant has failed to preserve this issue for review.  See Tex. R. App. P. 33.1(a); Marcum v.
State, 983 S.W.2d 762, 765 (Tex. App.—Houston [14th Dist.] 1998, pet.
ref’d) (providing that “on proper objection,” polygraph results are
inadmissible).  We overrule appellant’s first issue.

            In his second
issue, appellant contends that the trial court committed reversible error in
admitting evidence of extraneous offenses.  In support of this argument, appellant
points to the testimony of the polygraph examiner who testified that appellant
was deceptive in his polygraph answers regarding his sexual contact with minors. 
Appellant also points to the polygraph examination results, which appellant
claims contain numerous uncharged extraneous offenses.  Appellant also asserts
that the trial court erred in the sentencing phase by admitting the testimony
of a Child Protective Services investigator who testified that appellant
admitted during a 1997 investigation that he had sexual relations with his
sisters and some cousins.  According to appellant, all of this evidence is
inadmissible extraneous-offense evidence under Texas Rule of Evidence 403
because its probative value is substantially outweighed by the danger of unfair
prejudice.  

The record does not reflect that appellant raised an
objection to any extraneous-offense evidence on Rule 403 grounds.  Appellant
objected to the examiner’s testimony, asserting that reference in the polygraph
results to appellant’s prior sexual history was not relevant because it did not
relate specifically to the conditions of appellant’s treatment and probation. 
The trial court overruled this objection.  When the State sought to admit the
polygraph examination results, appellant re-urged this objection; however, the
trial court admitted the exhibit.  The record does not reflect that appellant
objected to evidence of extraneous offenses under Rule 403 during the
adjudication hearing.

Similarly, at the sentencing phase, appellant
objected to the investigator’s testimony on “custodial interrogation” grounds. 
The trial court overruled the objection.  The investigator testified that
appellant admitted that he had induced young children to touch his penis;
appellant did not object to this testimony.  The trial court asked the
investigator for more information about the investigation.  In response, the
investigator testified that the investigation was initiated because of
appellant’s sister’s allegation that he had sexual contact with her.  Appellant
objected on hearsay grounds, and the trial court sustained the objection.   

As discussed above, a defendant’s appellate
contention must comport with the specific objection made at trial.  Wilson,
71 S.W.3d at 349.  An objection stating one legal theory in the trial court may
not be used to support a different legal theory on appeal.  Broxton, 909
S.W.2d at 918.  Appellant’s complaints to this evidence under Rule 403 were
raised for the first time on appeal.  Because appellant’s argument on appeal
does not comport with any objection raised in the trial court, appellant has
failed to preserve this issue for appellate review.  See Tex. R. App. P. 33.1(a).  We therefore overrule
appellant’s second issue. 

Likewise, because appellant has failed to preserve
his second issue for appellate review, we do not address the merits of
appellant’s fourth issue in which he asserts he sustained harm from the
cumulative effect of the errors asserted in appellant’s first three issues.  See
Gamboa v. State, 296 S.W.3d 574, 585 (Tex. Crim. App. 2009) (“Though it is
possible for a number of errors to cumulatively rise to the point where they
become harmful, we have never found that ‘non-errors may in their cumulative
effect cause error.’”).  On this basis, we overrule appellant’s fourth issue. 

C.        Did the trial
court err in sentencing appellant to life imprisonment?

            In his fifth
issue, appellant contends that the trial court’s sentence of life imprisonment
amounts to cruel and unusual punishment in violation of the United States
Constitution.  According to appellant, the sentence is grossly disproportionate
to the offense for which appellant was convicted.

            Appellant has not
shown, and our independent review of the record has not revealed, that
appellant timely lodged this specific objection at the time his sentence was
assessed or in any post-trial motion.  See Schneider v. State, 645
S.W.2d 463, 466 (Tex. Crim. App. 1983); Jacobs v. State, 80 S.W.3d 631, 632–33
(Tex. App.—Tyler 2002, no pet.).  Because appellant did not raise this
objection in the trial court, appellant has not preserved this issue for
appellate review.  See Tex. R.
App. P. 33.1(a); Schneider, 645 S.W.2d at 466; Jacobs, 80
S.W.3d at 632–33.  Therefore, appellant has waived this complaint and we
overrule his fifth issue.

            Having overruled
all of appellant’s issues on appeal, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Yates,
Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] This appeal was
transferred to the Fourteenth Court of Appeals from the Twelfth Court of
Appeals.  In cases transferred by the Supreme Court of Texas from one court of
appeals to another, the transferee court must decide the case in accordance
with the precedent of the transferor court under principles of stare decisis if
the transferee court’s decision otherwise would have been inconsistent with the
precedent of the transferor court.  See Tex. R. App. P. 41.3.





[2] In his appellate brief,
appellant indicates he also would challenge the factual sufficiency of the
evidence if it were allowed.  As noted by appellant, a factual-sufficiency
review is not available for an appeal for revocation of probation.  See Hart
v. State, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref’d);
Joseph v. State, 3 S.W.3d 627, 642 (Tex. App.—Houston [14th Dist.] 1999, no
pet.).





[3]
To the extent that appellant complains in his
fourth issue that the State failed to carry its burden in proving that
appellant had violated the terms of his community supervision by failing to pay
fines and fees, a finding of any violation is sufficient to uphold the trial
court’s revocation of probation.  See Moore, 605 S.W.2d at 926 (declining
to address appellant’s other sufficiency challenges because one sufficient
ground for revocation will support the court’s order to revoke probation); Greer,
999 S.W.2d at 486.