# NO. 12-17-00064-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMIE LEE JARAMIELLO, APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS, APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Jamie Lee Jaramiello, appeals from her conviction for possession of a controlled substance. In two issues, Appellant contends the evidence is insufficient to support her conviction and that the sentence imposed is grossly disproportionate to the severity of the offense and therefore cruel and unusual. We affirm.

## BACKGROUND

During a temporary stop, Appellant identified herself to Sergeant Matthew Kerr of the Palestine Police Department. Police dispatch notified Sergeant Kerr that Appellant was a suspect in a theft of two cellular telephones. In questioning Appellant, Sergeant Kerr determined that the iPhone in her possession was one of the stolen phones. Sergeant Kerr placed Appellant under arrest, and proceeded to search her handbag for the second cell phone.

In the bag, Sergeant Kerr first saw a glass marijuana pipe. He then discovered Seroquel pills, Xanax, two unidentified pink pills, one used syringe, two unused syringes, and Appellant's wallet. Inside Appellant's wallet, Sergeant Kerr discovered a plastic bag containing what he believed to be methamphetamine. Laboratory analysis confirmed the plastic bag contained .3 grams of methamphetamine.

During Sergeant Kerr's search of Appellant's bag, but before the discovery of the methamphetamine, Appellant began yelling to her husband to take responsibility for his belongings and that he "can take the charges." Appellant first told Sergeant Kerr that she did not even know where to buy drugs. Later, she gave Sergeant Kerr the name of a known drug dealer and offered to buy methamphetamine for the police.

A jury found Appellant guilty of possession of less than one gram of a penalty group one controlled substance. The trial court assessed her punishment at twenty one months in the Texas Department of Corrections, State Jail Division. This appeal followed.

## EVIDENTIARY SUFFICIENCY

In her first issue, Appellant contends that the evidence is insufficient to support her conviction.

### Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, appellate courts view all of the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. crim. App. 2010). "All of the evidence" includes evidence that was properly and improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id*.

### Applicable Law

The Texas Health and Safety Code provides, in relevant part, "a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017). Methamphetamine is a controlled substance listed in Penalty Group 1. *Id*. § 481.102(6) (West 2017).

2

To prove unlawful possession of a controlled substance, the State must prove the accused (1) exercised care, custody, control, or management over the contraband, and (2) knew the matter was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). This evidence, whether direct or circumstantial, must establish that the accused's connection with the drug was more than just fortuitous. *Id*. at 405-06.

If the controlled substance can be seen and measured, the amount is sufficient to establish that the accused knew it was a controlled substance. *Victor v. State*, 995 S.W.2d 216, 220 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). If the quantity is so small that it cannot be quantitatively measured, there must be evidence other than its mere possession to prove that the accused knew that the substance in his possession was a controlled substance. *Shults v. State*, 575 S.W.2d 29, 30 (Tex. Crim. App. 1979). Texas courts have recognized several factors which may singly or in combination, circumstantially establish knowing possession. *See, e.g., Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006) (a non-exclusive list of 14 factors that may link a defendant to the drugs). Among those factors are (1) whether the defendant possessed other contraband when arrested, (2) whether drug paraphernalia was present, and (3) whether the conduct of the defendant indicated consciousness of guilt. *Id*. It is the logical force of all the evidence, not merely the number of links, that should determine whether the defendant's connection to the contraband is knowing and intentional. *Id*.

**Discussion**

Sergeant Kerr found methamphetamine inside Appellant's wallet. The wallet was inside Appellant's purse or handbag. Sergeant Kerr also found drug paraphernalia inside the purse, including three syringes and a marijuana pipe. If more proof were needed, Appellant's guilty conduct during and after the search shows her connection to the drug was not merely fortuitous, but knowing and intentional. Before Sergeant Kerr's discovery of the methamphetamine she began telling her husband to take responsibility for his belongings. After the drugs' discovery, she said they were not hers. She claimed she did not even know where to buy drugs. Later she suggested she might buy drugs for the police.

Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence, direct and circumstantial, coupled with the reasonable inferences drawn from that evidence, was sufficient for a rational trier of fact to have found beyond a reasonable doubt that Appellant possessed the methamphetamine, knowing it was contraband. *See Jackson*, 443 U.S.

3

at 319, 99 S. Ct. at 2789; *see also* **Brooks**, 323 S.W.3d at 912; **Hooper**, 214 S.W.3d at 13; Tex. Health & Safety Code Ann. § 481.115(a), (b). Therefore, the evidence is sufficient to sustain her conviction. Appellant's first issue is overruled.

**CRUEL, UNUSUAL OR EXCESSIVE PUNISHMENT**

In her second issue, Appellant complains that her punishment "was disproportionate to the facts of the case" and therefore cruel and unusual.

**Applicable Law**

"Throughout this century, the Eighth Amendment has been read to preclude a sentence that is greatly disproportionate to the offense, because such sentences are 'cruel and unusual.'" **McGruder v. Puckett**, 954 F.2d 313, 315 (5th Cir. 1992). A proportionality analysis under the Eighth Amendment is guided by consideration of (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed for other crimes in the jurisdiction, and (3) the sentences imposed for the same crime in other jurisdictions. **Solem v. Helm**, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011, 77 L. Ed. 2d 637 (1983). Only if we find that the sentence is grossly disproportionate to the sentence will we then consider the remaining factors of the **Solem** test and compare the sentence received to sentences for other crimes in the same jurisdiction and to sentences for the same crime in other jurisdictions. **McGruder**, 954 F.2d at 316. "A sentence is grossly disproportionate to the crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme." **Harris v. State**, 204 S.W.3d 19, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd.). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." **Ex parte Chavez**, 213 S.W.3d 320, 323-24 (Tex. Crim. App. 2006).

Possession of a Controlled Substance in Penalty Group One in an amount less than one gram is a state jail felony with a range of punishment of 180 days to two years in the Texas Department of Criminal Justice—State Jail Division. Tex. Health & Safety Code Ann. § 481.115(a), (b); Tex. Penal Code Ann. § 12.35(a) (West Supp. 2016).

**Discussion**

In this case, the trial court sentenced Appellant to twenty one months in TDCJ—State Jail Division. At sentencing, the trial judge was informed that Appellant had several misdemeanor theft convictions and one state jail felony conviction. Appellant did not object to her sentence as cruel and unusual or disproportionate nor did she complain on this basis in a motion for new trial. Claims of cruel and unusual punishment must be presented in a timely manner. *See Schneider v. State*, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.); *Steadman v. State*, 160 S.W.3d 582, 586 (Tex. App.—Waco 2005, pet. ref'd); *Nicholas v. State*, 56 S.W.3d 760, 763 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Appellant has failed to preserve her Eighth Amendment complaint for appellate review. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] ... it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue[]").

Even if Appellant had preserved error, her Eighth Amendment challenge could not prevail. Appellant concedes her sentence is within the statutory range. *See* TEX. PENAL CODE ANN. § 12.35(a). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd). Appellant possessed only a very small amount of methamphetamine. However, the penalty ranges prescribed for possession of varying amounts of methamphetamine reflect the legislature's intent to make the punishment fit the crime by graduating the length of sentences according to the amount possessed. *See* TEX. PENAL CODE ANN. § 481.115 (West 2017).

Moreover, in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See Rummel*, 445 U.S. at 266, 100 S. Ct. at

1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id*., 445 U.S. at 265-66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id*., 445 U.S. at 284-85, 100 S. Ct. at 1144-45.

In the case at hand, Appellant's twenty-one month sentence is far less severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the present case. Therefore, since the threshold test has not been satisfied, we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.). Considering Appellant's criminal history and comparing Appellant's offense with the twenty-one month sentence imposed, we conclude the sentence was not grossly disproportionate to the offense. Because Appellant's sentence was not cruel or unusual, her second issue is overruled.

<u>DISPOSITION</u>

Having overruled Appellant two issues, the judgment of the trial court is ***affirmed***.

<u>BILL BASS</u>
Justice

Opinion delivered August 9, 2017.
*Panel consisted of Hoyle, J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-17-00064-CR**

**JAMIE LEE JARAMIELLO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-15-32254)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Hoyle, J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*