

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00666-CR

Jerry **FARRISH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR7407
Honorable Frank J. Castro, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Luz Elena D. Chapa, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: April 1, 2020

AFFIRMED

Jerry Farrish pled guilty to assault family violence by choking/strangulation as part of a plea agreement with the State. Pursuant to the agreement, the trial court found Farrish guilty, fined him $1,500, and sentenced him to five years in prison. The court suspended the sentence of confinement on January 22, 2018, and placed Farrish on community supervision for a period of five years.

The State filed a motion to revoke Farrish's community supervision, alleging Farrish had committed numerous violations of the conditions of his supervision. At a hearing on the State's

motion, Farrish pled true to the allegations he submitted invalid or diluted samples for drug testing, consumed alcoholic beverages, and failed to report to his supervision officer on six separate occasions. The State waived the remaining allegations. After hearing testimony from appellant, the trial court found the allegations true, revoked Farrish's community supervision, and imposed a reduced sentence of four years in prison. Farrish timely filed this appeal.

In one issue, Farrish argues his four-year sentence violates his federal constitutional right against cruel and unusual punishment because it is grossly disproportionate to the seriousness of the offense. However, Farrish did not assert any objection when the trial court imposed the sentence and did not raise his complaint in a timely post-judgment motion. By failing to raise his complaint in the trial court, he forfeited his opportunity to present the claim on appeal. *See* TEX. R. APP. P. 33.1(a); *Burt v. State*, 396 S.W.3d 574, 577-78 (Tex. Crim. App. 2013) (stating "[a]n appellant fails to preserve error by failing to object when he had the opportunity"). Texas courts have held a claim of disproportionate, cruel and unusual punishment must be raised in the trial court to be preserved for appellate review. *See Schneider v. State*, 645 S.W.2d 463, 466 (Tex. Crim. App. 1983); *Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.).

We further agree with the State that Farrish's argument fails on the merits. "Sentences that fall within the statutory limits are generally not considered excessive under the Eighth Amendment." *Reynolds*, 430 S.W.3d at 471. Assault on a person with whom the defendant is in a dating relationship by choking or strangulation is a third-degree felony with a punishment range of two to ten years. TEX. PENAL CODE §§ 12.34(a); 22.01(b)(2)(B). Farrish argues the four-year sentence is excessive because his probation violations were "technical" and not "severe." However, the prison sentence was imposed not as punishment for violating the conditions of probation, but as punishment for the crime for which he was convicted. Farrish's judicial

confession and the stipulated evidence established Farrish choked his girlfriend, causing her to lose consciousness. After she roused and tried to flee, Farrish chased her, put his forearm around her neck, and "sw[ung] her violently" such that she was unable to breathe because her airway was blocked. Farrish presents no argument that a four year sentence is disproportionate to his crime.

We overrule Farrish's issue and affirm the judgment of the trial court.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH